Moncure, P.
This is an action of debt, brought by a sheriff against his deputy and the sureties of thej deputy, on the official bond of the deputy, to recover the of a judgment rendered] against the sheriff for the default of the deputy, in not duly accounting for money made by the latter under execution. The only question presented by the record is, whether the judgment rendered against the sheriff in such a case, the deputy having attended the trial and made full defence to the action, is binding and conclusive upon him and his sureties, in the action of the sheriff against them?
That it is binding and conclusive upon the deputy himself is certainly true, according to the best settled principles of the law. That it is at leást prima facie evidence against his sureties is also true. But whether it is conclusive evidence against them, is a question which we now have to solve.
Why is it not also conclusive against them? The sheriff is presumed to know nothing, and generally, in fact, does know nothing, of the acts and defaults of his deputy, in the execution of the office of such deputy, and the sureties of the deputy are equally ignorant of such aet3 and defaults. The only person who is presumed to know anything about them is the deputy himself, who, of course, knows all about them. He is primarily liable for them, and is bound to indemnify against all loss and damage arising from them, not only his own sureties, but the sheriff also. When, therefore, an action is brought against the sheriff to recover damages arising fronrany of these acts and defaults, the sheriff' has a right, and it is an act of prudent precaution on his part, to throw the burden and responsibility of defending the action upon the deputy, whose action it, in effect, is. It is due both to the deputy and his sureties that this should be done. There would be no reason and no pro *180 priety in throwing this burden on the sureties, who have not the necessary information to enable them to bear it. have no more information on the subject than the sheriff has, if so much. They have no right to require the sheriff to do more than to notify the deputy to defend the action, and having done that, the sheriff' may leave the defence of the action to the deputy; and may look to the deputy and his sureties for full and complete indemnity against any judgment which may be recovered in the action, and against the costs of defending it. We have seen that this is certainly the case in regard to the deputy. Why is it not also the case in regard to his sureties? They have voluntarily placed themselves in his shoes. They have become sponsors for him; have expressly undertaken that he will faithfully perform the duties of his office, and will well and truly indemnify the sheriff against all loss and damage arising from the acts and defaults of the deputy. • When, therefore, his default is established, in a judgment against the sheriff rendered in an action defended by the deputy, why should not the judgment be conclusive against the sureties of the deputy, as it certainly is against the deputy himself? According to the true intent and meaning of the bond, it binds the sureties as well as the deputy, to to pay such a judgment in exoneration of the sheriff'. Without doing so, the deputy will not in all respects indemnify and save harmless the sheriff' from all loss and damages in any wise arising from the conduct of the deputy in his said office, for which he and his sureties expressly bound themselves, jointly and severally, to the sheriff. Suppose the condition of the bond had been that the deputy and his sureties would pay all judgments recovered against the sheriff for the deputy’s default during his continuance in office; and suppose that a judgment had been recovered in an action against *181 the sheriff for such a default, which action was defended by the deputy, would not the sureties, as well as the deputy, have been conclusively bound by such a judgment? Would it not have been included in the very terms of the condition ? Could it be said that there was no privity of contract between them and the shei’iff in such a case ? Upon the same principles, and for the same reason, I think the sureties are conclusively bound by the judgment in this case. If there had .been any fraud or collusion between the sheriff and his deputy in the defence of the action against the sheriff, the case would have been different, and the sureties would not have been bound by the judgment. But it is not pretended that there was any such fraud or collusion, and in fact there was none. The defence appears to have been bona fide, and the judgment was recovered against •the sheriff in invitum, both as to him and the deputy.
But the cases of Munford &c., v. Overseers of the Poor of Nottoway, 2 Rand. 313; and Jacobs v. Hill &c., 2 Leigh, 393, are relied on by the learned counsel for ■the plaintiffs in error, to show that the judgment was only prima facie and not conclusive evidence against the sureties. I will now enquire whether they or either of them can have any such effect.
And first, as to the case of Munford &c. v. Overseers of the Poor of Nottoway:
In that case it was held that a judgment against a principal in a bond is not conclusive evidence against his sureties. It was an action of debt brought in the name of the Governor of Virginia, for the benefit of the overseers of the poor of hfottoway county, against Mun-ford and others, on a bond given by said Munford for the faithful discharge of his duties as sheriff, with the other •defendants as his sureties. The only question in the ■case was, whether a judgment which had been recov *182 ered by the overseers against the sheriff' as collector of P00r rates of the county, was conclusive evidence that the sheriff had been appointed to collect them, and precluded and estopped the sureties from giving any evidence going to contradict that fact. It was admitted that judgment was conclusive of that fact against the sheriff, or rather would have been conclusive of it in a separate action brought against him; but whether it was conclusive in an action against the sureties, or even in an action brought against the sheriff and his sureties jointly, was the question. “ The question how far sureties,” says Judge Green in delivering his opinion in the case, “are bound by a judgment or other evidence against their principal, which estops or concludes him, has never, as far as I am informed, been settled in this court, except in the case of Baker v. Preston and others, Gilm. 235, decided in a special court. In that case it was decided that the treasury books kept by Preston were conclusive evidence against him, and estopped him from giving any evidence to contradict them, and that hissureties were, in like manner, estopped and concluded. The court argued that if a judgment against the principal would conclude his sureties, so ought the evidence on which such judgment is rendered to conclude them.” But Judge Green proceeded to show that the cases relied on by the special court did not sustain it; and after reviewing the authorities on the subject, he concludes: “I think, therefore, that the question is still open, whether a judgment against the principal is conclusive evidence against the sureties or not.” He then pi’oceeds to give his views upon the question thus: “ The general rule is that verdicts and judgments bind conclusively parties and privies; because privies in blood, in estate, and in law, claim under the person against whom the judgment is rendered; and they claiming his rights* are, *183 of course, bound as he is. But as to all others, they are not conclusively binding; because it is unjust to bind a party by any proceeding in which he had no opportunity of making a defence, of offering evidence, of cross examining witnesses, or of appealing, if he was dissatisfied with the judgment; and this is called by the court in Bourke v. Granberry, ‘ a golden rule,’ Gilm, 16, 25. Sureties and joint contractors do not claim to any purpose under their principal, or under each other.” “ There are cases,” the Judge then proceeds to say, “ in which those who are not parties to the suit, and do not claim under either of the parties, may be bound by the judgment, as in the cases of contracts of indemnity, and in the nature of contracts of indemnity, and in those cases in which a person, although not in form a party to the suit, is bound to assist in the prosecution or defence, and either does so in fact, or, having notice of the pendency of the suit, fails to do so. But these cases do not come within the principle or reason of the general rule aforesaid; and the case of principal and surety, so far as it relates to the effect upon the sureties, of a judgment against the principal, does not come within the reason of this latter class of cases, but within the general rule.”
How the case we have under consideration falls under the latter class, and not under the general rule referred to by Judge Green ; and what he says tends, therefore, to sustain the view that the judgment in this case was conclusive against the sureties as well as against the deputy. Their bond is a bond of. indemnity within the meaning of the class of cases referred to, and the deputy was a person, in the meaning of those cases, who, although not in form a party to the action against the sheriff, was bound to assist in defence of the same and did so in fact.
*184 Secondly, as to the case of Jacobs v. Hill &c.:
In that case a motion was made against a'sheriff for deof his deputy, upon which the sheriff'with the assent of the deputy, but without the knowledge of his sureties, confesses judgment: Held, the record of this judgment is admissible evidence against the deputy’s sureties, upon a motion by the sheriff against the deputy and his sureties. There the proceeding was upon the official bond of a deputy sheriff which was to some extent an indemnifying bond, and somewhat though not precisely like the bond in this case. It was not necessary to decide, and was not decided in that case, that the judgment against the sheriff was not conclusive evidence against the sureties of the deputy, but it was sufficient to decide, as it was decided, that the said judgment was prima facie evidence against them. The remark of Judge Garr in delivering the opinion of the court, that “ this, we think was ample evidence of the fact, and charged his sureties, unless disproved by them,” was extra-judicial as to the concluding words, “ unless disproved by them,” and seems in that respect to have been made without adverting to the distinction noticed by Judge Green, as before mentioned.. 2 Rand. 318. Judge Carr treated the case before him as a case falling under the general' rule which governs the ease of principal and surety, instead of a case falling under the exceptions, which include cases of contracts of indemnity and the like. Whether it properly fell under the one or the other, the result of the case would be precisely the same.
In that case the judgment against the sheriff' was by confession, though with the assent of the deputy, and it was therefore contended by the sureties of the deputy, that it did not bind them; there being, as they said, no other evidence of the deputy’s default. But the court said the redbrd showed that the motion against the *185 sheriff was for judgment for the amount of the clerk’s tickets for fees put into the hands of his deputy, and that upon this motion the deputy assented in open court to the confession of judgment by the sheriff'; in other words confessed that he had received the clerk’s tickets and had not accounted for them; this, the court thought, “ was ample evidence of the fact, and charged his sureties, unless disproved by them.” Had the judgment been rendered against the sheriff, not by confession, but in invitum,, and against the utmost resistance of the deputy, the court might have thought the judgment conclusive, not only against the deputy but also against his sureties. In the case now under consideration the judgment against the sheriff was in invitum, and against the utmost resistance of the deputy, who was present on the trial, was examined as a witness for the defendant, and seemed to be the person manifesting the most interest in the progress and result of the action.
Besides the two cases relied on by the counsel for the plaintiffs in error, my attention has been called to the case of Cox and als v. Thomas’ adm’x, 9 Gratt. 323, as also tending to show that the judgment against the sheriff is only prima facie, and not conclusive, evidence against the sureties of the deputy in this case. But it is enough to say, that it does not appear that the deputy was present on the trial of the motion against the sheriff in that case, or had any notice of such trial or motion, and yet the court considered the judgment recovered against the sheriff, showing that it was for the default of the deputy, suprima facie evidence of such default, or the trial of a motion by the sheriff against the deputy and his sureties, to recover the amount of such judgment. Had the deputy been notified of the motion against the sheriff, and attended and made the best defence he could upon the trial, the judgment rendered *186 against, the sheriff might have been considered coiiclusiye evidence against the deputy and his sureties. It may be said of this case also, as was said of Jacobs v. Hill &c., that the effect was precisely the same whether the evidence was regarded as prima facie or conclusive in the particular case; and therefore it was immaterial to discriminate between the two for the purpose of deciding the case in hand.
Since writing the foregoing opinion my attention has been called by my brother Staples,to a great many cases in the reports ot some of our sister States, and especially New York, which seem to have an important bearing upon this case, and some of which he supposed might be in conflict with the views expressed in the said opinion. I have examined all those cases, I believe, and only one or two of them, if any, seem to be in conflict with those views. While most of them lay down or affirm the general principle that a judgment is conclusive only against, parties or privies, they admit that there are exceptions to the general rule; and the question in each case is, whether it falls within the general rule or one of the exceptions to it. There are two propositions which none of these cases seem to deny. And they are, 1st, that where one party is bound to indemnify another against a liability, the latter may notify the former to defend a suit brought to enforce such liability, and the judgmeut recovered in such suit will be conclusive evidence in a suit by the latter against the former to enforce such indemnity. And, 2ndly, when by the terms of the contract of indemnity, express or implied, the indemnifying party and his sureties can be considered as contracting for the payment of any judgment which may Joe recovered against the party indemnified, on account of an act or default to which the contract of indemnity applies, then the indemnifying party and-his *187 sureties are bound by privity of contract for tbe payment of such judgment, which is therefore conclusive, not only against the principal indemnifier but his sureties also; at least if notice of the pendency of the suit in which such judgment was obtained was given to the principal, although no such notice was given to the sureties. These two propositions, so well established by reason and authority, amply sustain the views I have expressed, and emphatically so in a case like this, in which the contract of indemnity is a bond by a deputy sheriff and his sureties, not only that he “shall, in all things,well and truly and faithfully discharge the duties of his said office of deputy sheriff during his continuance therein; ” but also that he “ shall, in all respects, indemnify and save harmless the sheriff and all other persons, from any loss and damage in any wise arising from the conduct of the said deputy in the said office.” In the case of Thomas v. Hubbell &c., 15 New York R. 405, which is the principal if not the only case of those referred to, apparently in conflict with the views before expressed, the condition of the bond was, only that the principal obligor would “ do his duty as deputy sheriff; ” and not, further, as in this case, that he would “in all respects indemnify and save harmless the sheriff and all other persons from all loss and damage in any wise arising from the conduct of the deputy in the said office.” The court in that case held, that the terms and condition of the bond did not bring it within the class of cases in which an indemnitor is concluded by the result of the suit against the person whom he has undertaken to indemnify, upon the ground that such is the fair interpretation of the contract. Ve have reason to believe that the court would have been of a different opinion if the condition of the bond in that case had been the same as in this. In Westervelt v. Smith, 2 Duer’s R. 449, the condition of the *188 bond was substantially the same as in this. And in regard to that case, the court, in Thomas v. Hubbell &c., that it “was reviewed in this court and put upon the ground that itfell within the class of cases before alluded to, in which one has stipulated to be bound by the event of a suit between strangers.” The case of Thomas v. Hubbell &c., therefore, can not in fact be said to be in conflict with the views I have expressed. But if it could he, and there were other such cases, yet not being of binding authority with us, I would consider it proper for this court to lay down and follow the rule indicated by those views, which rule I consider much more reasonable and just than the contrary. That rule is, that where the condition of the bond of a deputy and his sureties to the sheriff is such as it is in this case, a judgment rendered against the sheriff for the default of a deputy, in a suit which was defended by the deputy, or which he was duly notified to defend, and had an opportunity of defending, is conclusive evidence, in the absence of fraud or collusion, not only against the deputy, but against his sureties also. That such is the true rule in this State, I think the Code of 1860, chapter 49, sections 41 and 42, page 287, giving a summary remedy to the sheriff and his sureties against the deputy and his sureties, and the decisions of this court in regard to those provisions of law, especially the cases of McDaniel & als. v. Brown’s executor, 8 Leigh 118, and Scott’s adm’r v. Tankersley’s exo’r, 10 Id. 581, strongly tend to show.
The fact is that the relation which has always subsisted in this State, from the eai’liest times, between the sheriff and his deputy, naturally gave rise to such a rule, and made it proper and necessary. Formerly, we know, that the sheriff, rarely if ever, performed any of the duties of the office; which was the only reward conferred upon the justices for their public ser *189 vices. And they were permitted to farm the office to a deputy, who performed all the duties, and gave to the sheriff bond, with sureties, conditioned for his full indemnity against all the acts and defaults of the deputy. Under such circumstances, it was meet and fit that when a suit was brought against the sheriff', for any act or default of the deputy, it should only be necessary for the former to notify the latter, of the pendency of the suit in order to make the judgment rendered in such suit conclusive evidence, not only against the deputy, but his sureties also, in a proceeding against them for the indemnity of the sheriff' against such act or default. The relations between the sheriff and his deputy, and the terms of the official bond of the latter and his sureties, made it his duty to defend such a suit, which he only in fact could do, and made the judgment rendered in it conclusive, both against him and them, in the absence of fraud and collusion, though he only had notice of the pendency of the suit. To have required the sheriff’ in order to make the judgment thus conclusive, to give such notice, not only to the deputy but to all his sureties, would have been unreasonable in the last degree. The penalty of the bond is large, and we know very well that the sureties are often numerous and scattered. To give notice to them all, including the representatives of such as are dead, would be extremely inconvenient, to say the least of it; and what good purpose would it answer ? The sureties know nothing of the facts and could only notify the deputy to make defence. But that, according to the requisition of the rule is supposed to have been already done for them by the sheriff.
I am, therefore, for affirming the judgment of the Circuit court.
Christian, Anderson and Staples, Jr., concurred in the opinion of Moncure P.
*190 Bouldin, J. I have felt some difficulty, under the decisions and intimations of opinion of this court and °^er authorities, in reaching the conclusion that a judgment against a high sheriff for the deputy’s default can regarded as higher than prima fade evidence mere]y against the sureties of the deputy. But the conclusion reached by the court is in my opinion just, reasonable, and conclusive, and I yield my doubts to the • concurring opinions of the other judges.
Judgment affirmed.