JAMES M. MULLEN, Adm'r *v.* W. E. WHITMORE and others.

A bond given by a deputy sheriff to the sheriff, to secure the faithful performance of his duties, is a private bond for which no form is prescribed by statute, and in which any condition may be inserted which will carry out the intent of the parties; nor is such bond subject to the rules which govern the construction of the sheriff's official bond.

Where the condition of the bond of the deputy sheriff was, that he "shall due return make of all moneys received by him, and in all respects execute faithfully, and fully discharge the duties of said office, and pay over all moneys that may come into his hands as deputy sheriff, when and to whom it properly belongs": *Held,* that a failure to pay over to the sheriff the public taxes collected by such deputy, was a breach of the conditions of his bond, for which he and his sureties were liable.

CIVIL ACTION upon a bond, tried before *Watts, J.,* at Fall Term, 1875, of the Superior Court of HALIFAX county.

The complaint alleged substantially the following facts :

On the 1st January, 1871, and from that date to the time of filing the complaint, the plaintiff has been sheriff of the county of Halifax.

In the month of March, 1871, the plaintiff appointed the defendant W. E. Whitmore a deputy sheriff of the said county, and said defendant accepted the appointment and executed a bond with the other defendants as sureties, in the penal sum of fifteen hundred dollars. The condition of the bond was as follows :

"The conditions of the above obligation is such that whereas the said John A. Reid, on the — day of March, 1871, appointed William E. Whitmore of said county, a deputy sheriff for said county, with authority in said county to execute all such processes appertaining to his office of sheriff or constable as the said sheriff himself can execute ; Now therefore, if the said William E. Whitmore, deputy sheriff as aforesaid, shall truly execute all the duties of deputy sheriff and constable and in every respect execute all mandates and orders issuing

from the courts or any Justice of the Peace for said county of Halifax, and due return make thereof of all moneys received by him and in all respects execute faithfully, and fully discharge the duties of said office and pay over all moneys that may come into his hands as deputy sheriff when and to whom it properly belongs, then this bond shall be void, otherwise to remain in full force and virtue."

That after the appointment of the defendant as deputy sheriff and after the execution of said bond and after the defendant W. E. Whitmore had entered upon the discharge of his duties as deputy sheriff, the plaintiff placed in his hands for collection a list of taxable property for the townships of Caledonia and Palmyra, which taxes were levied by lawful authority and due the State of North Carolina, and Halifax county, for the years 1871–'72.

The said defendant collected a large amount of the taxes specified in said lists and has failed to pay over and account for to the plaintiff divers of said taxes by him collected, although the same has been frequently demanded by the plaintiff.

At December Special Term, 1874, the death of the plaintiff was suggested, and upon motion Jas. M. Mullen, administrator of the deceased, was made a party plaintiff.

The defendants demurred to the complaint and as ground of demurrer alleged :

That the complaint does not state facts sufficient to constitute a cause of action because :

1. The nature of said taxes does not appear.

2. The plaintiff cannot recover on the bond for the cause of action alleged in the complaint.

Upon the hearing the demurrer was overruled by the court, and leave granted the defendants to file and answer. From the judgment overruling the demurrer, the defendants appealed.

*Hill,* for the appellants.
*Mullen & Moore* and *Walter Clark,* contra.

SETTLE, J.   The defendants insist that their bond shall be interpreted by the rules which govern the construction of the official bonds of a high sheriff, drawn in pursuance of the statute, specifying what bonds shall be given and the conditions of the same.

But there is a wide difference between them in almost every respect.   The one is an official bond of a public officer, the form and conditions of which are fixed by law; the other is the private bond of an individual, for which no form is prescribed and in which any conditions may be inserted which will carry out the intents of the parties.   No one can doubt that the intention of the parties, in inserting, among others, the condition that the defendant "shall due return make thereof of all moneys received by him, and in all respects execute faithfully, and fully discharge the duties of said office and pay over all moneys that may come into his hands as deputy sheriff, when and to whom it properly belongs," &c., was to make the defendant liable for all such breaches as are assigned in the plaintiff's complaint.

The collection of taxes is the common and ordinary work of a deputy sheriff.   The high sheriff appoints his deputies and is responsible for their action.   He appoints them generally or specially, with or without bond, as he sees fit, and if he takes a bond it is a matter between him and his deputy, with which the public has no concern.

We are of opinion that the breaches assigned are embraced in the conditions of the bond.

The judgment of the Superior Court is affirmed.

Let this be certified.

PER CURIAM.                              Judgment affirmed.