## Staunton,

### ALLEBAUGH v. COAKLEY AND ALS.

### Absent, *Moncure*, P.

1. A deputy sheriff made default in paying over certain collections which were made, or ought to have been made, by him prior to 1869. A judgment for the amount of such collections was obtained against the sheriff in 1874, and the judgment was paid by him in 1878. In May, 1879, the sheriff moved against the deputy and his sureties for a judgment for the amount so paid, with interest and damages.—HELD : That the claim of the plaintiff was not barred by the statute of limitations, notwithstanding the default of the deputy occurred more than ten years before his principal moved for judgment against him.

2. Under the 46th section of chapter 49 of the Code of 1873, whenever a sheriff becomes liable on account of the default of his deputy, whether a judgment has or has not been recovered against the sheriff, and although he has paid nothing to the creditor, he is entitled to recover against the deputy and his sureties the amount for which he may be so liable.

3. Under the 47th section of the same chapter, the sheriff is authorized to proceed against the deputy and his sureties only when there has been a recovery against him, and a payment of the amount in whole or in part to the creditor.

4. At common law the sheriff, upon paying the debt accruing from the default of his deputy, might at once bring an action against such deputy and his sureties for reimbursement. But until such payment, no right of action could accrue upon the bond of the deputy. The object of the 46th section aforesaid was to furnish a complete indemnity to the sheriff by providing for him a remedy by anticipation, so as to enable him to recover of the deputy in time to meet the demand of the creditor.

5. The said 46th section is cumulative, and was not designed to affect any of the sheriff's *existing rights and remedies*. He may, if he pleases, waive any proceeding under that section, await the termination of the cred-

itor's action against him, pay the amount of the recovery, and then proceed by action on the deputy's bond, or by motion under the 47th section of the said chapter of the Code.

6. If the deputy is notified of the creditor's action or motion against his principal, it is his duty to appear and defend it. It is in effect his suit, and his liability and that of his sureties is as fully established by the judgment as though it were a direct proceeding against the deputy himself. Such a judgment is a judicial ascertainment of the deputy's default or misconduct, which cannot be called in question in any subsequent proceeding against the deputy and his sureties.

7. In such case, the action of the sheriff against the deputy is not on account of the default of the latter, but for money paid under a judgment of a court of competent jurisdiction in a suit to which the deputy was the real party, The sheriff is not bound to prove the default or misconduct of the deputy or to show when it occurred. These are wholly immaterial enquiries. All that is necessary for him to do is to show the action against himself on account of the deputy's default, the notification to the deputy to defend, or that he had notice and did make defence, and the payment by the sheriff of the amount of the recovery.

8. Under the said 47th section, the sheriff's right of action accrues from the time of his paying the amount of the recovery against him ; and the obvious meaning of the language of the statute is that after he has made such payment, he may bring his action or motion thereafter against the deputy at any time within the period prescribed by the statute of limitations.

9. The mere fact that a remedy is given the sheriff by the 46th section for his protection and indemnity can impose no obligation upon him to resort to that remedy under peril of being barred of a right existing at common law and under another section of the statute.

10. Whenever a former judgment is relied on as a bar, whether by pleading or in evidence, it is competent for the plaintiff to show that it did not relate to the same property or transaction in controversy, and the question of identity thus raised is a matter of fact to be decided upon the evidence, if the record is itself silent. And so if the cause of action is divisible, or the pleadings involve two distinct propositions, it is competent to show that only one of them was submitted to and passed upon by the ury.

11. Where the matters involved in a second motion were not submitted to the jury on the trial of the first motion, or if submitted could not have been legally adjudicated by them, no question of estoppel can arise.

On the 20th of March, 1879, Samuel R. Allebaugh, late sheriff of Rockingham county, served a notice on R. G. Coakley, his late deputy, and James C. Heltzel, Franklin Whitmer and Ephriam Wenger, surviving sureties of the said deputy upon his bond executed on the 20th of December, 1866, stating that the said Allebaugh would on the 26th of May, 1879, move the circuit court of said county for a judgment against the defendants for $813.76 with interest from March 18th, 1878, till paid, and five per cent. damages, for this, to-wit, that at the September term, 1874, of the county court of said county a judgment was obtained against the said Allebaugh, late sheriff as aforesaid, by the administratrix of A. St. C. Sprinkel, deceased, on a motion of which the said Coakley had notice and made his defence by counsel, for $580.17 with interest on $206.87, part thereof, at the rate of eight per cent. per annum from March 15th, 1866, till paid, and on $373.30, the residue thereof, at the same rate from December 15th, 1867, till paid, subject to several small credits of different dates, which judgment was awarded against the said Allebaugh by reason of the default and misconduct in office of the said Coakley while acting as deputy sheriff for the said Allebaugh, in failing to pay over certain collections made, or which ought to have been made by him of fee bills placed in his hands for collection by the said Sprinkel, late clerk of the circuit court of said county, which judgment, amounting on the 18th of March, 1878, to $813.76, was on that day paid in full by the said Allebaugh to the said administratrix.   On the 26th of May, 1879, James C. Heltzel pleaded the statute of limitations and a former recovery—viz : a judgment rendered at the January term, 1879, of the said circuit court on motion of the said Allebaugh against the said Heltzel for $117 with interest from December, 15th, 1867, till paid, and for $206.87 with interest from December 15th, 1866, till paid, subject to certain credits.

It appeared that the motion on which this judgment was rendered was against the said Coakley and Peter Paul and James C. Heltzel, his sureties on his bond executed on the 19th of March, 1866; the plaintiff also gave in evidence three receipts of the said Coakley to the said Sprinkel, one dated November 26th, 1866, for fee bills amounting to $117, another dated March 28th, 1866, for fee bills amounting to $206.87, and another dated in 1867 for fee bills amounting to $396.30.   The defendants offered evidence tending to show that the plaintiff relied on the bond of March 19th, 1866, while the plaintiff offered evidence to show that he relied on the bond of December 20th, 1866.   It was proved that the three receipts aforesaid were all before the jury upon the trial of the first motion of Allebaugh, and that when the jury returned from their room with a verdict in the motion of Allebaugh v. Coakley, Paul and Heltzel, the counsel for the defendants objected to the verdict because the jury had failed to give Coakley credit for $75 endorsed on the receipt of November 26th, 1866, for $117; but the jury responded from the box that they had not considered the receipt for 1867 claimed in said motion, as that was given by Coakley under the bond of December 20th, 1866, and they thought the credit for $75 dated January 6th, 1868, and endorsed on the receipt of November 26th, 1866, should be postponed and credited on that portion of the plaintiff's demand when it came to be considered; but the court instructed the jury that the credit should be placed on the receipt for $117 as of the date of the entry, as Sprinkel had in his lifetime made that application of the credit in his own hand; and thereupon the verdict was reformed .by the court and entered up as it then appeared.   It was further shown that by some oversight the jury rendered a verdict for $117, the amount of the November receipt, upon which the motion of Sprinkel's administratrix v. Allebaugh, then pending in the county court, was still undetermined.

Upon all the evidence, the court considered that the plea of a former recovery was not sustained, but being of opinion that the breach of condition of the bond of the defendants dated December 20th, 1866, by the default of the said deputy was committed more than ten years before the beginning of this action, it was considered that the plaintiff's right of action against the said defendants under that bond was barred by the statute of limitations, and therefore judgment was rendered for the defendants; to which opinion of the court the plaintiff excepted, and on his petition a writ of error was awarded by a judge of this court.

*Charles E. Haas, Elder & Nelson,* for the appellant.

*Robert Johnston* and *William B. Compton,* for the appellees.

STAPLES, J., delivered the opinion of the court.

A judgment was recovered in the year of 1874, in the county court of Rockingham, against the plaintiff in error, as sheriff of the county, on account of the default of his deputy, R. G. Coakley. This judgment amounting, principal, interest and costs, to $813.16, was, in the year 1878, fully paid by the plaintiff in error, and at the May term, 1879, of the circuit court of Rockingham, he moved for a judgment against the deputy and his sureties for the amount so paid, with interest and damages. The sureties appeared and defended the motion. They insisted that as the alleged default or misconduct of the deputy occurred prior to 1869, and as more than ten years had elapsed for the time of such default to the date of the notice, the claim of the plaintiff was barred by the statute of limitation; and it was so held by the learned judge of the circuit court. This is the first question presented for our consideration. Its decision depends mainly upon the provisions of our statutes found in chapter 49, Code of 1873.

Allebaugh v. Coakley and als.

The 46th section of that chapter provides, that where any deputy of a sheriff shall commit any default or misconduct in office for which his principal is liable, or for which a judgment or decree shall be rendered against such principal, the latter may, on motion, obtain a judgment against such deputy and his sureties for the full amount for which such principal may be so liable, or for which such judgment or decree may have been rendered.

The 47th section provides, that when any judgment or decree shall be obtained against a sheriff for or on account of the default or misconduct of his deputy, and shall be paid in whole or in part, he or his personal representatives may, on motion, obtain a judgment or decree against such deputy and his sureties for the amount so paid, with interest thereon from the time of such payment, and five per centum damages on such amount.

It will be observed that under the 46th section whenever the sheriff becomes liable on account of the default of his deputy, whether a judgment has or has not been recovered against the sheriff, and although he has paid nothing to the creditor, he is entitled to recover against the deputy and his securities the amount for which he may be so liable. Under the 47th section, however, the sheriff is authorized to proceed against the deputy and his sureties only where there has been a recovery against him and a payment of the amount in whole or in part to the creditor. At common law the sheriff, upon paying the debt accruing from the default of his deputy, might at once bring an action against such deputy and his securities for reimbursement. But until such payment no right of action could accrue upon the bond of the deputy.

The object of the 46th section was to furnish a complete indemnity to the sheriff by providing for him a remedy by anticipation, so as to enable him to recover of the deputy in time to meet the demand of the creditor. As was said by

Judge Tucker in *McDaniel* v. *Brown*, 3 Leigh, 221: "As a payment by the sheriff would often be ruinous, the provision was made to enable him to recover from his deputy before he was pressed himself, or to make one judgment meet the other by proceeding against the deputy *pari passu* with the creditors proceeding against himself." From this it is obvious that the 46th section is cumulative, and was not designed to affect any of the sheriff's existing rights and remedies. He may if he pleases waive any proceeding under that section, await the termination of the creditor's action against him, pay the amount of the recovery, and then proceed by action on the deputy's bond, or by motion under the 47th section. If the deputy is notified of the creditor's action or motion against his principal, it is his duty to appear and defend it. It is in effect his suit and his liability, and that of his sureties is as fully established by the judgment as though it were a direct proceeding against the deputy himself. Such a judgment is a judicial ascertainment of the deputy's default or misconduct, which cannot be called in question in any subsequent proceeding against the deputy and his sureties. In such case the action of the sheriff against the deputy is not on account of the default of the latter, but for money paid under a judgment of a court of competent jurisdiction in a suit to which the deputy was the real party. The sheriff is not bound to prove the default or misconduct of the deputy, or to show when it occurred. These are wholly immaterial inquiries. All that is necessary for him to do is to show the action against himself on account of the deputy's default; the notification to the deputy to defend, or that he had notice and did make defence, and the payment by the sheriff of the amount of the recovery. Freeman on Judgments, §§ 181, 217; Crocker on Sheriffs, § 847.

If, therefore, it be conceded that under the 46th section of our statute a right of action accrues to the sheriff, so

soon as his liability to the creditor attaches on account of the deputy's default, it must also be conceded that under the 47th section the sheriff's right of action accrues from the time of his paying the amount of the recovery againt him. The language of the provision is, "that when the money shall be paid in whole or in part, the sheriff may on motion obtain a decree or judgment against the deputy and his sureties for the amount so paid." The obvious meaning is, that after the sheriff has made the payment, he may bring his action or motion thereafter against the deputy at any time within the period prescribed by the statute of limitation. The mere fact that a remedy is given the sheriff by the 46th section for his protection and indemnity can impose no obligation upon him to resort to that remedy under peril of being barred of a right existing at common law, and under another section of the statute.

This rule of law is somewhat illustrated by the case of *Clem* v. *Holmes*, 33 Gratt., p. 722, in which it was held that the statute giving the parent the right to sue for the seduction of his daughter without alleging or proving a loss of service, did not deprive him of the right to bring his common law action, making the loss of service the gravamen of complaint. In such case the period of limitation is to be computed not for the time of the seduction, but for the time the damage accrued. In many cases, indeed, the operation of the statute is made to depend upon the form of the action.

Before concluding this branch of the case, it is proper to say that the deputy had notice of the action against his principal; that he employed counsel to defend it, and actually appeared and made defence. So that in this case he was estopped to contest the sheriff's motion against him and his sureties. For these reasons we are of the opinion that the circuit court erred in holding that the motion of the plaintiff in error is barred by limitation.

The next question is as to the defence of a former recovery. After a careful examination of the record, I am satisfied that the circuit court properly decided that this defence is not sustained by the proofs. The motion which was made first in 1878, and tried in January, 1879, was a proceeding against the deputy and his sureties upon the bond of March, 1866. It is true that three sureties were also upon the bond of December, 1866, but in the latter bond other persons were united with them as the co-obligees. It may be that both bonds were before the jury on the trial in January, 1879, and that all three of the receipts given by Coakley to Sprinkel's administrator were also in evidence; but this was necessary to ascertain to which set of sureties the liability properly attached. The verdict of the jury and the judgment of the court extended only to such default of the deputy as occurred under the bond of March, 1866. It is hardly to be supposed that the plaintiff's intention was to unite in one notice and motion two sets of sureties upon two bonds, given at different times and embracing different transactions. Such a proceeding would have been justly obnoxious to the charge of a misjoinder of parties. There is enough in the record to show that the jury did not design to pass upon any matter covered by the bond of December, 1866, and therefore it was that the receipt of January, 1867, for $396, was not included either in the verdict of the jury or the judgment of the court. So soon as it was made to appear that this receipt imposed no liability upon the sureties in the bond of December, 1866, that receipt was, no doubt, withdrawn for the consideration of the jury, and was necessarily so withdrawn because it could impose no liability upon the parties then before the court.

It was for this reason the plaintiff recovered part only of the amount he had paid on account of the deputy's default. It was for the recovery of the balance that the present motion was brought against the sureties on the bond of

December, 1866. It is very true that the notice is identically the same as the first. The reason is obvious. The plaintiff, having two sets of sureties to deal with, upon different bonds, was compelled to proceed against both by separate motions, and in so doing the language of the notices would be identically the same. The present notice is for a liability growing out of the receipt for $396, 30th July, 1867, which was part of the amount recovered by the creditor against the sheriff. The latter was compelled to pay it on account of the deputy's misconduct; he has never been repaid the amount, and is justly entitled to be reimbursed by the deputy and his sureties.

Objection was made in the court below to the introduction of any parol proof of what passed on the trial of the first motion in January, 1879, and the objection has been renewed in this court. The admissibility of such evidence is not now an open question. Whenever a former judgment is relied on as a bar, whether by pleading or in evidence, it is competent for the plaintiff to show that it did not relate to the same property or transaction in controversy, and the question of identity thus raised is a matter of fact to be decided upon the evidence if the record is itself silent. And so if the cause of action is devisible or the pleadings involve two distinct propositions, it is competent to show that only one of them was submitted to and passed upon by the jury: 1 Green. Ev. § 532; *Daniel* v. *Southside Railroad Company,* 20 Gratt. 344; *Kelly* v. *Board of Public Works,* 25 Gratt. 760; *Packet Company* v. *Sickles,* 5 Wall. 580; *Chrisman's Adm'x* v. *Harman and al.* 29 Gratt. 494.

In the case before us the matters involved in the present motion were not in fact submitted to the jury in the trial of the first motion, and even if submitted could not have been legally adjudicated by them. No question of estoppel can therefore arise in the case. We are therefore of opinion that the circuit court committed no error in holding that

the plea of a former recovery was not sustained by the proofs. As already stated, however, the court erred in deciding that the statute of limitation is a bar to the action. For that error the judgment of the circuit court must be reversed and a judgment entered here for the plaintiff in error for the sum of $373.30, with interest and damages.

JUDGMENT REVERSED.