# CHARLESTON.

## POLING *v.* MADDOX *et al.*

Submitted January 9, 1896—Decided March 28, 1896.

1. DEPUTY SHERIFF'S BOND—PRIVATE BOND.

Bond given by deputy to a sheriff, with condition to faithfully discharge all duties of such deputy, and to account for and pay over to the sheriff all money which might come to the deputy's hands by virtue of his office. This is a private bond or contract between the parties to it, not a public one. On it the sheriff may maintain an action to recover taxes collected by the deputy as such, without first paying such taxes to the public treasury.

2. DEPUTY SHERIFF'S BOND—INDEMNIFYING BOND.

Such bond is not a mere bond of indemnity.

3. INDEMNIFYING BOND—PLEADING—*Non Damnificatus.*

A plea of *non damnificatus* is applicable only to a bond or contract to indemnify and save harmless, or one with words of same import, and not to one where the engagement is to do some affirmative act, though it may operate to indemnify, and the bond may have been intended to save its beneficiary from loss.

4. INDEMNIFYING BOND—PLEADING—CONDITIONS PERFORMED.

On a bond merely conditioned for indemnity, where a plea of *non damnificatus* would be proper, a plea of conditions performed answers the same purpose. *Archer* v. *Archer's Adm'r,* 8 Gratt. 539.

5. DEPUTY SHERIFF'S BOND—MOTION ON BOND.

The remedy by motion on a bond of a deputy sheriff to his principal, under sections 36 and 37 of chapter 41 of the Code of 1891, is a further remedy, and does not take away the proper common-law action on such bond.

6. PRINCIPAL AND SURETY—DISCHARGE OF SURETY—CREDITOR'S MISREPRESENTATIONS TO SURETY.

If a creditor assure a surety of his debtor that the debtor has paid, and is not in default, and thus induce the surety to take no steps to secure himself, or compel payment by the principal debtor, while solvent, and he becomes insolvent, the surety is discharged.

7. PRINCIPAL AND SURETY—ESTOPPEL *in Pais.*

Such assurance constitutes an estoppel *in pais,* and is available in equity, but not at law.

8. PLEADING—DUPLICITY.

Duplicity in a plea is no longer ground of demurrer or objection to it.

D. A. BROWN, ELMER L. STONE, JAMES A. SEAMAN and C. E. HOGG for plaintiff in error, cited 38 W. Va. 549, 557; 75 Va. 628; 1 Comstock (N. Y.) 550; 6 L. R. A. 278; 15 Minn. 461; 8 Wend. 452; 109 Mass. 72; Abbott, Trial, Ev. 510-16; 21 W. Va. 530; Hogg, Pl. & Forms, 179; 37 W. Va. 665; 50 Vt. 494; 5 Am. & Eng. Enc. Law 564; 10 W. Va. 507, 509; 76 Iowa, 47; 3 W. Va. 280; 20 Me. 228; 21 Me. 137; 1 Herman, Est. & Res Judicata, 332; 2 Id. 872, 1115; 16 Me. 146; 26 Wis. 84; 30 N. Y. 519; 29 Ga. 312; 35 Vt. 205; 17 Conn. 345; 9 Utah, 476; 43 N. H. 282; 4 Minn. 217; 100 U. S. 578-84; 102 U. S. 68; 18 Gratt. 801; 6 W. Va. 110; Code, c. 7, s. 13.

W. A. PARSONS and J. A. WOODDELL for defendant in error, cited 30 W. Va. 107, 113; 86 Va. 92; 44 N. J. Eq. 363; 52 Vt. 24; 2 Am. Rep. 315; 18 Am. Rep. 641; 4 W. Va. 45; 2 Am. & Eng. Enc. Law, 464, n. 6; 7 Exch. 744; 24 Neb. 674; 35 Vt. 476; 5 Am. & Eng. Enc. Law, 630; Murfree, Sheriffs, § 64; 18 Ala. 651; 13 Mass. 295; 38 W. Va. 549; 35 W. Va. 658, 659; 4 W. Va. 48, 49; Steph. Pl. 171, 206; 2 Greenl. 275, 276, 221, 282; 1 Chitty (14th Ed.) 483, n. 2; 2 Rand. 20; 1 Rob. Prac. (old) 349, 351, 352, 404, 405; 6 W. Va. 508, 514, 515; 18 W. Va. 582, 299; 20 W. Va. 46; 26 W. Va. 345; 23 Gratt. 636-7-8; 2 Tuck. 290, 291; Doug. 218; Tidd. 792; 3 Rand. 516; 37 W. Va. 706.

BRANNON, JUDGE:

This was an action by Poling against Maddox and others in the Circuit Court of Jackson county, upon a bond executed by Maddox and others to Poling, given upon Maddox's appointment as deputy for Poling, sheriff of Jackson county, to recover money collected by said deputy for taxes in his hands, resulting in judgment for plaintiff upon a demurrer to evidence, and a writ of error sued out by defendants.

The one reason given by counsel for defendants why judgment should have been given for defendants on the demurrer to evidence is that it is not averred or shown

that Poling, the sheriff, had ever paid over the taxes placed in the hands of his deputy for collection, and that he can not recover without showing that he had been damaged by having had to account for such taxes.

A deputy sheriff is only an agent of the sheriff. Murfree, Sher. § 75. The sheriff is liable for his acts, and the fact that an action on the case may also lie against the deputy does not render him any the less an agent. 3 Rob. Prac. (New) 79; *Lucas* v. *Locke*, 11 W. Va. 81. As Judge Carr said, in *Jacobs* v. *Hill*, 2 Leigh, 397, a contract between a sheriff and his deputy is a private affair, and therefore the bond of the deputy is not an official or statutory bond with condition prescribed by statute, but may contain just such provisions to protect the sheriff, and impose duties, obligations, and liabilities on his agent, the deputy, as may be inserted in it. It is a common-law bond, not a statutory one. Murfree, Off. Bonds, § 214; Murfree, Sher. § 64. We must, then, look to the provisions of the bond. The bond in this case contains a covenant in its condition that the deputy shall faithfully discharge all his duties as deputy sheriff. On such a provision it was held in Kentucky that the condition is broken by the deputy's failing to pay over to a creditor money collected on execution, and the sheriff may forthwith sue on the bond. *Robertson* v. *Morgan's Adm'r*, 3 B. Mon. 307, cited in 2 Rob. Prac. 122. Such a stipulation is broad. Surely, when a deputy sheriff collects taxes, or any agent collects money which he ought to pay to his principal, he breaks the covenant of his bond binding him to faithfully discharge his duties. But that clause is not the only one in this bond bearing on this matter, as it contains the further clause expressly providing that Maddox "shall account for and pay over to said James M. Poling all moneys which may come to the hands of said A. A. Maddox by virtue of said office of deputy sheriff." Clearly that clause was violated in its very letter by the failure to pay to the high sheriff money collected by his deputy. It would seem that nothing could be plainer. The instant he received the money duty commanded him to pay it to his principal, even without the letter of that provision, and more surely under its letter, because the

legal title to the tax tickets was in the sheriff; and, as it was money collected by an agent for his principal, it was that principal's money. Deputy had collected it for the use of the sheriff. Why allow that deputy, with money in his hands, the property of his principal, to say to him, "You have not paid the taxes to the state, and I will not pay you?" The duty of the high sheriff to the state is one thing. The duty of the deputy to that sheriff is another and private relation between them. It is no business of the deputy whether the sheriff ever pays the state or not. He has a right to have the deputy pay, so that he may pay.

Authorities for this principle are numerous, if any were needed. In *Badgett* v. *Martin*, 12 Ark. 730, it was held, on a bond of a deputy sheriff to his principal, conditioned to well and truly perform the duties of his office, that an action accrues and limitations commence to run whenever the deputy fails to pay over money collected by him, and that it is not a mere bond of indemnity against actual loss or damage to the principal, and therefore action accrued whenever the principal's liability became fixed by the failure of the deputy to pay over the money. And it was so held in *Mullen* v. *Whitmore*, 74 N. C. 477, on a bond conditioned for the faithful discharge of the duties of a deputy. Where a bond indemnifies, not only against actual damage, but against any liability for damage, the party need not wait to commence his suit until he has paid such damages, the right of action being legally complete when he becomes legally liable. *Chace* v. *Hinman*, 8 Wend. 452; Murfree, Off. Bonds, § 497, where it is stated that the general rule is that where the guaranty is for the due performance of duty, the breach occurs and action accrues whenever that duty is not duly performed. The last authority says, as reason says, that if the bond is conditioned that the deputy will duly perform his duties, it is not a mere bond of indemnity against actual loss, but there is a breach whenever the deputy fails to pay over money collected. Even if a bond be one intended to indemnify, if it engage the party to make a payment, or to do a particular act to operate for such indemnity, as here the deputy engaged to perform his duties faithfully and pay over, if there be fail-

ure to pay or do that act, an action lies, and the party can not say the other party has not been damnified by a plea of "not damnified" (*non damnificatus*). 2 Rob. Prac. 116; 4 Minor, Inst. 1220. In *Board* v. *Dunn*, 27 Gratt. 608, in a proceeding on a sheriff's bond, with condition for the faithful discharge of duties, it was held that a plea of *non damnificatus* was not admissible, as it was admissible only on a bond to indemnify and save harmless; thus deciding that a bond with provision for faithful discharge of duty, like the one here, is not a mere bond of indemnity, and that under it a party could not say, when there was a breach by the obligor of its condition, that the plaintiff had not been damnified. So a bond with such condition is pronounced, in the opinion by Judge Woods, not a bond of indemnity merely, in *State* v. *Hays*, 30 W. Va. 113 (3 S. E. 177.)

But what of the case of *Adkins* v. *Fry*, 38 W. Va. 549, (18 S. E. 737)? It holds that in an action by a sheriff on the bond of a deputy, conditioned for the faithful performance of duties and to pay over money coming to his hands, the right of action does not accrue at the time of the default of the deputy, and the statute does not begin to run till payment by the principal. As applied to the facts of that case, that is right, because there was judgment against the sheriff; but it is not applicable to an action on a bond treated as a common-law bond where no judgment against the sheriff has been rendered.

At common-law on such a bond action may be maintained against a defaulting deputy to render him liable according to the terms of any bond he may have given the sheriff. Sections 36 and 37, chapter 41, Code 1891, give statutory remedies which are cumulative or additional remedies. Section 36 gives a motion, where a judgment for default of a deputy has been given against the sheriff, and authorizes recovery against the deputy and his surety on the force and strength of that judgment, for its amount, though not paid by the sheriff. Section 37 gives a motion, where such judgment has been rendered against the sheriff and paid by him for his deputy's default or misconduct, for the amount paid, with interest and damages in

addition, as the deputy should have paid the judgment. But notice that these sections in terms apply only where judgment has been rendered against the sheriff. They do not touch the case where there is default by the deputy, but no judgment against the principal. That is left to the common-law. There you must establish the deputy's liability as an original proposition, and action accrues and time runs from the act of default; but where judgment has been rendered against the principal, that establishes the default of the deputy, and the liability of him and his sureties, and limitation does not begin in such case against the sheriff till the date of the judgment against him. *Scott's Adm'r* v. *Tankersley's Ex'r*, 10 Leigh, 581; *Allebaugh* v. *Coakley*, 75 Va. 628; *Crawford* v. *Turk*, 24 Gratt. 176. The judgment is a new promise, as it were, or a renewal of the cause of action. It is itself the source of the motion against the deputy on his bond, because that judgment merges the original causes of action, and fixes the fact of the deputy's default and amount of liability as if it were a judgment against him. It is *per se* cause of action against deputy for principal. *Allebaugh* v. *Coakley*, *supra*.

The plea of *non damnificatus* was properly rejected because, as shown above, this bond was not a mere bond of indemnity, and that plea is applicable only to a bond stipulating in terms to indemnify and save harmless, or equivalent terms. *Archer* v. *Archer's Adm'r*, 8 Gratt. 539; 4 Minor, Inst. 1220, 1203; opinions in *Board* v. *Dunn*, 27 Gratt. 608, and *State* v. *Hays*, 30 W. Va. 113 (3 S. E. 177). Said plea was properly rejected because, even in an action on an indemnifying bond, the plea of "conditions performed" would answer the same purpose, as held by *Archer* v. *Archer's Adm'r*, *supra*. That plea was in.

There is no error in rejecting the plea of special release, as the plea of special *non est factum* averred the same matter.

A plea was rejected averring that after Maddox had collected the taxes in question and failed to pay over, some of the defendants gave a notice in writing to Poling that they would no longer be responsible as Maddox's sureties, and that Poling informed them that Maddox had committed no

breach of his bond, and was in nowise in default, but was ahead in his accounts, and further assured them he would place no more taxes or claims in his hands for collection if they would take no steps to be released as sureties or to call Maddox to account, and that they, relying on the promise to place no more taxes or accounts in Maddox's hands, took no steps for relief and that their co-sureties, relying on such promises, refrained from giving notice to Poling to sue Maddox, who was then solvent, but later became insolvent, and that Poling did place further taxes and accounts in Maddox's hands for collection, and thus prejudiced them.

If a creditor tell a surety that the debt for which he is surety is paid, and thus lulls him to sleep, so that he takes no step which otherwise he likely would to save himself, or is in any way thereby actually injured, as an estoppel *in pais*, it releases the surety though the statement be merely a mistake, and is not fraudulent, because the creditor, not the surety, is the author of the loss. 1 Brandt, Sur. § 245; Herm. Estop. § 1092; *Baker* v. *Briggs*, 19 Am. Dec. 311; *Carpenter* v. *King*, 43 Am. Dec. 405; *Bates* v. *Swiger*, 40 W. Va. 420 (21 S. E. 874). I think this plea presented, as to this, a good defense. The allegation that notice was given to Poling that the sureties would be no longer bound is not a bar, as where a surety signs, he can not retract at his pleasure. *Croughton* v. *Duval*, 3 Call, 73; 5 Rob. Prac. 781; Brandt, Sur. § 242. He can not get release from his contract, but may, under section 1, chapter 101, Code 1891, require the creditor to sue; but this notice is not pleaded as such a notice. If good as a notice to sue on a mere note, it does not state such a notice as is required on a bond with collateral condition like this, under the last clause of that section, requiring the notice to specify the breach of the condition or undertaking. A statute points out how sureties in official bonds may obtain release, but this is not an official bond. Nor is the promise of Poling to put no more collections in the hands of Maddox binding, as he had the right to do so, and his promise was based on no consideration, and is like the promise of a creditor not to make his debtor pay, or like a promise to a surety to exonerate

99

him, which does not bind. An agreement without consideration is no bar to legal rights. *Mosby* v. *Leeds*, 3 Call, 380; Herm. Estop. § 1093; *Harnsbarger's Adm'r* v. *Kinney*, 13 Gratt. 511.

The plea is objectionable at common-law for duplicity in presenting two distinct facts as bars—the assurance that there was no default, and the promise to put in the deputy's hands no further claims—which, before the statute abolishing special demurrers, would make it subject to demurrer, and which, according to 4 Minor, Inst. 1154, would yet justify an objection to their being filed. But, as that feature of the plea relative to the promise to put no further collections in the deputy's hands is immaterial, it can not render the plea double. 4 Minor, Inst. 1150. And, now, under the abolition of special demurrers, by operation of section 29, chapter 125, Code 1891, I do not think this objection of duplicity available to any pleading. *Coyle* v. *Railroad Co.*, 11 W. Va. 94; *Sweeney* v. *Baker*, 13 W. Va. 158, 201. Code 1891, c. 125, s. 20 changes the common-law by allowing several defenses to one action, and I see no substantial objection to allowing them in one plea as well as in separate ones.

It seems such a plea of estoppel *in pais* may, in most places, be used in an action of law. *Kirk* v. *Hamilton*, 102 U. S. 68; Bart. Ch. Prac. 454; Brandt, Sur. § 243; *Baker* v *Briggs*, 19 Am. Dec. 311; 5 Rob. Prac. 770. But it is the creature of equity, and is an equitable estoppel; and it is so firmly settled, in Virginia and this state, that it is available only in equity in case of sealed obligations, that, as Judge Tucker said, in *Steptoe's Adm'rs* v. *Harvey's Ex'rs*, 7 Leigh, 538, only the legislature can change it. To do so, we would have to overthrow decision after decision. *Glenn* v. *Morgan*, 23 W. Va. 467. The better rule is that adopted elsewhere than in this state, in my opinion, but we adopted the firmly settled Virginia rule by inheritance.

These principles result in the affirmance of the judgment.