# CHARLESTON

BURNS *v.* WALDRON.

Submitted June 10, 1911.   Decided December 17, 1912.

TAXATION—*Assessors—Assistant Assessor—Compensation.*

> An assistant assessor of taxes is not entitled by law to the ten per cent commission on capitation taxes collected by him, in the absence of agreement with the principal assessor.

71 W. Va.

Error to Circuit Court, McDowell County.

. Action by J. Walker Burns against John W. Waldron. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Sanders & Crockett,* for plaintiff in error.

*Cook, Litz & Howard,* for defendant in error.

Brannon, President:

John W. Waldron was assistant assessor under J. Walker Burns, chief assessor of taxes in the year 1910 in McDowell county. Burns claimed from Waldron the ten per cent commission allowed by the statute for collection of capitation taxes and road capitation taxes. Code, ch. 29, sec. 53, serial section 737 in Suplement Code of 1909. Waldron claimed right to retain this commission as assistant, and Burns on motion recovered verdict and judgment against Waldron for such commission, and Waldron brings the case to this Court.

The question in the case is, Does the commission belong to the chief assessor collected by an assistant in the assistant's territory, or to the assistant collecting it? Section 9, Code, ch. 29, serial section 680 of Supplement of 1909, requires the assessor to apportion the territory of the county for assessment for taxes between himself and his assistants, thus giving the assistants separate assessment sections. It is argued that this gives the assistant his territory, separates it from the balance, and gives him sole power of collection therein, with power of distress to compel payment the same as rests in the chief assessor, and he performs the work, and he is, as to his section, the sole assessor and sole collector, and the right to this commission attaches to him, without requirement on him to account to his chief therefor. We do not concur in this view. What is an assistant assessor? He is only a deputy, an agent and employee of the assessor. As we said of a deputy sheriff in *Poling* v. *Maddox,* 41 W. Va. 781, "A deputy sheriff is only an agent of the sheriff," so may we say of an assistant assessor. He is appointed by the assessor, and is removable by him. He is a subordinate. He acts for the assessor, and the reward, so far as commission goes, is that of his principal. Note that section 53 does not separate the commission and give part to

the assistant, nor does any other section. On the contrary, that section says that the chief assessor shall account to the auditor for capitation taxes, deducting such commission. Thus, the section gives it to the chief assessor. That is the letter of the statute. We have no authority to interpolate a clause dividing the commission and giving part to the assessor. The letter of the statute binds us. The assessor makes the settlement with the auditor for state capitation taxes, and with the sheriff for road capitation, and it is he who is allowed to deduct commissions. Commission is a perquisite of the office, and goes to its chief incumbent. Those taxes are charged to him. He gives the bond of responsibility for them. The assessor is given by the statute a salary of not over $2,100., the assistant not over $600. Each by the statute has his salary. The statute makes this provision for the assistant. As it apportions the territory, why did it not apportion the commission, if such was the intent? 35 Cyc. 1557, states the general rule: "When the sheriff's fees are given by statute, though the service may be rendered by the deputy, they are given to the sheriff."

Therefore, we affirm the judgment.

*Affirmed.*