| 38 | 549 |
| 38 | 557 |
| 38 | 549 |
| 41 | 783 |

# CHARLESTON.

## ADKINS v. FRY, et al.

Submitted June 22, 1893. —Decided December 2, 1893.

1. LIMITATIONS OF ACTIONS—SHERIFF.

In an action of debt by a sheriff against his deputy upon his bond, conditioned for the faithful performance of his duties as deputy sheriff, and to account for and pay over, as required by law, all money which may come into his hands by virtue of said office, the right of action does not accrue to said sheriff at the time of the default of such deputy, and the statute of limitations does not begin to run against said action until said sheriff has paid the debt occasioned by said default, or some part thereof.

2. SHERIFF—MOTION.

Under section 36 of chapter 41 of the Code, a sheriff or his personal representative may proceed by motion against his deputy, who has committed a default, for which his principal is liable, for which a judgment or decree shall be rendered against said principal or his personal representative, and may obtain a judgment for the full amount for which such principal or his personal representative may be so liable, or for which such judgment or decree may have been rendered.

3. DEMURRER TO EVIDENCE—RECORD—PRACTICE.

In a demurrer to evidence, it is not the practice, nor is it necessary, to state on the face of the record that the evidence set forth is all the evidence that was offered, but, it is necessary that the whole evidence should be set out.

CAMPBELL & HOLT for plaintiff in error:

I.—*Are the demurrers to evidence formally drawn?*—1 Wash. 150; 5 Rand. 1; 2 Rand. 68; 4 Rand. 406; 1 Munf.

35; 1 Rob. Forms 121; 4 Min. Inst. 832; Hutch. Treat. 990.

II.—*Does the evidence show the right of action in each case barred?*—Munf. Off. Bonds § 497; Busw. Lim. & Adv. Poss. § 214; 12 Ark. 730; 7 Wend. 504; 3 Eng. 79; 16 Mass. 456; 97 Pa. St. 47; 4 Pet. 172; 9 Metc. 564; 13 Am. & Eng. Ency. L. 722; 73 Cal. 574; 72 Ga. 83; 75 Va. 628.

SIMMS & ENSLOW for defendant in error:

I.— *When cause of action accrued.*—75 Va. 628; 18 Pa. 20; 1 Bar's Law Pr. 106.

II.— *The Statutory remedy by motion does not take away the common-law right of action.*—75 Va. 628.

III.—*Demurrer to evidence must state the whole evidence.*—4 Min. Inst. part 1, page —; 1 Wash. 150; 5 Randolph 1; 1 Munf. 35; 22 Gratt. 51; 23 Gratt. 352; 84 Va. 490; 4 Rand. 408.

IV.—*Motion to exclude is similar to a demurrer to evidence, and, the bill of exception must on its face show that all the evidence given is set out.*—30 W. Va. 27; 10 W. Va. 115; 35 W. Va. 217.

V.—*No motion for new trial being made exception as to exclusion of evidence, is waived.*—26 W. Va. 274; 28 W. Va. 524; 29 W. Va. 778; 24 W. Va. 657.

ENGLISH, PRESIDENT:

On the 24th day of October, 1890, Lamech Adkins, then late sheriff of Wayne county, brought an action of debt in the Circuit Court of Wayne county against Johnson Fry, Jesse Perry, Moses Napier, Attison Adkins, Younger Napier, and Lewis Ferguson upon a bond executed on the 10th day of September, 1873, by said Johnson Fry, with the others, defendants, as sureties therein, conditioned for the faithful discharge on the part of said Johnson Fry of his duties as deputy sheriff, and to account for and pay over, as required by law, all money which might come to his hands by virtue of the said office which bond was of the penalty of ten thousand dollars.

On the 2nd day of February, 1891, the defendants de-

murred to the declaration, and each assignment of breach therein, in which demurrer the plaintiff joined, which demurrer, after consideration by the court, was overruled; and thereupon the said defendants filed a special plea in writing of the statute of limitations, and the said defendants, for further plea, pleaded conditions not broken and covenants performed, and the plaintiff traversed each of said pleas, and put himself upon the country and defendants likewise.

On the 1st day of February, 1892, Moses Napier, one of the defendants, pleaded conditions performed and conditions not broken, and plaintiff replied generally thereto. The death of Johnson Fry was suggested, and it was ordered that the suit do abate as to him. Said Moses Napier also pleaded the statute of limitations; and the plaintiff replied generally. Younger Napier tendered a plea of *non est factum*, which was objected to by the plaintiff, which objection was overruled, and the plaintiff excepted, and replied generally to said plea, and the case was submitted to a jury; and, after the evidence was introduced, the defendants demurred to the plaintiff's evidence, which demurrer was reduced to writing, and the plaintiff joined therein, and the jury found the following verdict: "If the court should be of the opinion that the law arising upon the demurrer to the evidence should be for the plaintiff on the issues joined, that the defendants Moses Napier, Jesse Perry, Attison Adkins, and Lewis Ferguson are indebted to the said plaintiff on the demands in the declaration mentioned in the sum of one thousand four hundred and twenty four dollars. But, if the court should be of the opinion that the law arising upon said demurrer was for the defendant, they found for them upon the issues joined, and they further found for the defendant Younger Napier upon ths issue of *non est factum.*"

On the 4th day of February, 1892, the parties came by their attorneys, and the court, having maturely considered the law arising upon the defendants' demurrer to the plaintiff's evidence, found for the plaintiff, except as to Younger Napier, and gave judgment for the plaintiff against the defendants Jesse Perry, Moses Napier, Attison Adkins,

and Lewis S. Ferguson, for the sum of one thousand four hundred and twenty four dollars, with interest thereon from the 2nd day of February, 1892, till paid and costs and from this judgment this writ of error was obtained.

No point is made upon the demurrer to the declaration; either in the assignment of errors or in the brief filed by counsel. It is, however, assigned as error, that the breach of the deputy's bond occurred, and the cause of action accrued, in the year 1873, and that this action, at the time of its institution, in 1890, had been barred for nine years. Under this assignment of error, it is contended that the statute of limitations began to run when the deputy committed his default. Now, the sheriff had the right to elect whether he would resort to his common-law action of debt against his deputy, or proceed by motion, under sections 36 and 37 of chapter 41 of the Code. Those sections provide for a proceeding by way of motion on the part of the sheriff against his deputy, but do not, so far as I can perceive, affect the question as to the time the statute of limitations commences to run against the action of the sheriff against his deputy for a default committed by the latter.

Said section 36 provides that, "where any deputy of a sheriff or collector shall commit any default or misconduct in office for which his principal, or the personal representative of such principal, is liable, for which a judgment or decree shall be rendered against either, such principal, or his personal representative, may, on motion, obtain a judgment against such deputy and his sureties, and their personal representatives, for the full amount for which such principal, or his personal representative, may be so liable, or for which such judgment or decree may have been rendered. But no judgment shall be rendered by virtue of this section for money, for which any other judgment or decree has been previously rendered, against such deputy or his sureties or their personal representatives."

Section 37 provides that, "when any judgment or decree shall be obtained rgainst a sheriff or collector, or his sureties, or their personal representatives, for or on account of the default or misconduct of any such deputy, and

shall be paid in whole or in part by any defendant therein, he or his personal representative may, on motion, obtain a judgment or decree against such deputy and his sureties and their personal representatives, for the amount so paid, with interest thereon from the time of such payment, and five per cent. damages on said amount."

The question now is, would the sheriff have shown any greater diligence if he had proceeded by way of motion, under sections 36 and 37 of chapter 41 of the Code, or could he have brought his motion sooner than he did his suit? It is clear that, under the provisions of section 37, the sheriff's right of action would not accrue until a judgment or decree had been obtained against him or his sureties or their personal representatives for or on account of the default or misconduct of such deputy, which shall be paid by any defendant therein; and, when we refer to section 36, the language indicates clearly that a judgment or decree must be rendered against the sheriff or his personal representative before the right accrues to proceed by motion against the deputy. The language of the section as above quoted is: "Where any deputy of a sheriff or collector shall commit any default or misconduct in office for which his principal, or the personal representative of such principal, is liable, for which a judgment or decree shall be rendered against either, such principal or his personal representative, may, on motion, obtain a judgment against such deputy and his sureties, and their personal representatives, for the full amount for which such principal, or his personal representative, may be so liable, or for which such judgment or decree may have been rendered."

It is manifest that under this section the right to proceed by motion does not accrue until judgment shall be, rendered against the principal or his personal representative for some amount, and then he may move either for the full amount for which he is liable, or for the amount of the judgment or decree. So far as appears form the record in the case we are considering, no judgment was obtained against said sheriff and his sureties until the following dates, to wit: February 16, 1888, which was paid by the sheriff, and June 21, 1890; and, until said judgment was so

obtained, the right to proceed by motion, under the thirty sixth section, did not accrue.

Our statute above quoted is very nearly identical with sections 46 and 47, c. 49, of the Virginia Code of 1873. It, however, differs very materially in this : Our statute provides that "where any deputy of a sheriff or collector shall commit any default or misconduct in office for which his principal, or the personal representative of such principal, is liable, for which a judgment or decree shall be rendered against either," *etc.* ; while the Virginia statute reads as follows : "Where any deputy of a sheriff, sergeant, coroner or collector shall commit any default or misconduct in office for which his principal is liable or for which a judgment or decree shall be recovered against either, such principal or his personal representative may on motion obtain a judgment against such deputy and his sureties," *etc.*

Yet in the case of *Allebaugh* v. *Coakley*, 75 Va. 628, the court of appeals of that state held that "the mere fact that a remedy is given the sheriff by the forty sixth section (which corresponds with our thirty sixth) for his protection and indemnity can impose no obligation upon him to resort to that remedy, under peril of being barred of a right existing at common-law, and under another section of the statute." In that case a deputy sheriff made default in paying over certain collections which were made, or ought to have been made by him prior to 1869. A judgment for the amount of such collections was obtained by the sheriff in 1874, and the judgment was paid by him in 1878. In May, 1879, the sheriff moved against the deputy and his sureties for a judgment for the amount so paid, with interest and damages. Held, that the claim of the plaintiff was not barred by the statute of limitations, notwithstanding the default of the deputy occurred more than ten years before the principal moved for judgment against him. How much more is this the case under our statute (section 36, c. 41) where both the liability of the sheriff and a judgment of decree against him must concur before the right accrued to him to proceed by way of motion against his deputy.

Under the Virginia statute, Barton, in his Law Practice

(volume 2, p. 1095) in treating of this subject, says, under section 910: Whenever a sheriff becomes liable on account of the default of his deputy, whether a judgment has or has not been recovered against the sheriff, and although he has paid nothing to the creditor, he is yet entitled to recover against the deputy and his sureties the amount for which he may be so liable; but under section 911, the sheriff is authorized to proceed against the deputy and his sureties only when there has been a recovery against him, and a payment of the amount, in whole or in part, to the creditor; but the provision for the proceeding against the deputy under section 910 is merely cumulative, and was not designed to affect any of the sheriff's existing rights and remedies. He may, therefore, if he pleases, waive any proceeding under that section, await the termination of the creditors' action against him, pay the amount of the recovery, and then proceed by action on the deputy's bond, or by motion, under section 911.

Under both sections of our statute, however, as we have seen, a judgment against the sheriff or his personal representatives must precede his right to proceed against his deputy either by motion or action. Our conclusion, therefore, is that, under the facts and circumstances of this case, the plaintiff's action was not barred by the statute of limitations. The right of action at common law against the deputy and his sureties for the default of such deputy did not accrue until the principal had paid the debt, or some part of it, occasioned by such default; neither did the right to proceed by motion, under the thirty fifth section of chapter 41 of the Code, accrue until a judgment or decree had been rendered against the sheriff or his personal representatives.

The judgment which appears to have been rendered against the sheriff by reason of the default of said deputy was on the 16th day of February, 1888, and the action of debt in this case was brought by the sheriff against the sureties of his deputy on the 24th day of October, 1890. Murfre on Sheriffs, at section 54 says: "The bond of a deputy sheriff to his principal is a private bond, with which the public has no concern. It is a matter exclusively between

the sheriff and his deputy, and it concerns nobody else whether any bond whatever is given. Consequently, the bond of a deputy to the high sheriff is not to be interpreted by the rules which govern the construction of the official bond of the high sheriff, drawn in pursuance of the statute which specifies what bond shall be given, and the condition of the same."

Our statute provides that a sheriff may, with the consent of the County Court, entered of record, appoint any person his deputy, and when, in the opinion of the Circuit Court, the public interests require it, he may, with the consent of said Circuit Court, appoint any person his deputy; and it is further provided that any default or misfeasance in office of such deputy shall be deemed a breach of the conditions of the official bond of his principal. The object of this bond was to protect the sheriff against the default of his deputy, and until a liability was fixed upon him, his personal representatives, or his sureties, by judgment or decree, his right of action did not accrue against such deputy.

In this case, as has been stated, there was a demurrer to the evidence, and while the action of the court upon said demurrer is not assigned as error, unless it be under the general assignment, yet it is contended that the demurrer to the evidence was informal, in this: that it did not set forth on its face that the evidence set out in the demurrer contained all of the evidence. Was this necessary, and is it the practice, to make the demurrer to the evidence show affirmatively that the evidence set out was all of the evidence offered? We think not. It is true that it has long been held that the whole evidence, both of the plaintiff and defendant, must be set out; yet it has often been said that the forms of the law are the best evidences of the law, and when we look at 1 Rob. Forms, p. 121; 4 Minor, Inst. p't 1, p. 832; 1 Bart. Law Pr. p. 685; and Hutch. Treat. W. Va. p. 990—we find that none of these forms contain the clause that the foregoing is all of the evidence offered.

In the case of *Childers* v. *Deane*, 4 Rand. (Va.) 408, it was held that a demurrer to evidence should contain the evidence on both sides. See, also, *Hoyle* v. *Young,* 1 Wash. (Va.) 152; *Green* v. *Judith,* 5 Rand. (Va.) 1; *Harrison* v.

*Brock*, 1 Munf. 35 ; and numerous other cases—where it is held that the whole evidence must be set out; that is, not only that offered by the plaintiff, but that offered by the defendant. In making up the demurrer, counsel for both parties are presumed to be present, and the court should not compel a joinder in the demurrer unless the evidence is properly stated.

A motion to exclude the evidence of the plaintiff from the jury differs in several respects from a demurrer to the evidence. In the first place, it must be made before the defendant has given in his testimony ; and it has been held by this Court in *Carrico* v. *Railway Co* , 35 W. Va. 389 (14 S. E. Rep. 12) that, "after the defendant has given in his own evidence, a motion to strike out all the evidence, on the ground that it is insufficient to sustain the issue on the part of the plaintiff, should not be granted." In a demurrer to evidence the whole evidence offered by each party is set forth, and, if it is not so done, the question is raised upon the joinder in the demurrer, and the action of the court may be then excepted to.

For these reasons, I am of the opinion that there is no error in the judgment complained of, and the same is therefore affirmed with costs and damages.

---

# CHARLESTON.

SIMMS & ENSLOW, for defendant in error.