# CHARLESTON.

Nash *et al. v.* Jones *et al.*

Submitted January 22, 1896—Decided March 28, 1896.

1. Specific Performance—Contract for Sale of Land.

Where J. and M. are the owners of a lot of land, J. owning two-thirds and M. one-third thereof, and they sell the same to D., and execute to him a title bond therefor, he paying one-third of the purchase money and executing his notes for the residue, and J. subsequently repurchases said lot from D., and takes an assignment of the title bond, and pays M. his portion of the purchase money by giving him credit for the amount on his indebtedness to J., and J. sells said lot to a third party, who pays him the purchase money, said third party, on the payment of said purchase money, acquires the rights and equities of D., and has a right to the specific execution of his contract by obtaining a deed from M. and J.

2. Statute of Frauds—Principal and Agent.

Where a man merely employs an agent to buy an estate, who buys it for himself, and denies the trust, and no part of the purchase money is paid by the principal, and there is no written agreement, he can not compel the agent to convey the estate to him, as that would be in violation of the statute of frauds.

David E. Johnston, J. M. Payne, and S. S. Green for appellants.

J. M. Payne and S. S. Green cited 10 Am. & Eng. Enc. Law, 11, 12 n. 2, 30, 32, 43; 2 Sug. Vend. & Purch. (14th Ed.) 703; 2 Sto. Eq. Jur. (8th Ed.) 1201a; 41 Ark. 393; 36 Iowa, 125; 2 Johns. Ch. 405, 409, 415; 50 Ark. 71; 30 Gratt. 744, 751; 23 W. Va. 480; 15 W. Va. 568.

Sanders & Anderson and Watts & Ashby for appellees, cited Code, c. 125, ss. 35, 36; 41 W. Va. 314; 36 W. Va. 350; 2 Wheat. 290; 22 Am. & Eng. Enc. Law, 1018; Fry, Specif. Perf. 347; Pom. Eq. § 1405; 32 W. Va. 566; 34 W. Va. 709.

English, Judge:

On the 7th day of March, 1892, M. H. Nash and T. B.

Drinkard filed their bill in equity at rules then held for the Circuit Court of Mercer county against H. C. Jones, N. H. McClaugherty, and R. C. McClaugherty, praying for the specific execution of an alleged contract for the purchase of a certain piece or parcel of land, situated in the west end of the city of Bluefield, in said county, adjoining the lands of the Bluefield Land Association, R. C. McClaugherty, N. H. McClaugherty, H. C. Jones, and others, which lot of land is more particularly described in the bill.

The plaintiffs allege in their bill that they purchased said lot from the defendant H. C. Jones, who claimed to be an owner holding said land in common with said R. C. and N. H. McClaugherty, for which lot they paid said H. C. Jones two hundred and fifty dollars, the contract price therefor, in cash, and took his receipt therefor, which they exhibit with their bill, and which shows a partial description of the land. And they allege that at the time of said purchase, the defendant H. C. Jones represented to them that he was a joint owner with the defendants R. C. and N. H. McClaugherty, and that he held one-third undivided interest in said land, which they allege was true, and that as soon as the purchase money was paid they (the said defendants) with their wives, would unite in conveying the whole of said land by deed to plaintiffs, and, upon the faith of said representations, the plaintiffs were induced to make said purchase, and they took actual possession of said land, by running it off, and making some valuable and permanent improvements on the same; that they paid up the purchase money, and called upon the defendants for a deed for same, which they failed and refused to make according to the terms of the contract; and they pray that the contract may be specifically performed, and said H. C. Jones be required to make, or cause to be made, such a deed as they are entitled to for said land, or that said H. C. Jones be required to refund the two hundred and fifty dollars purchase money which they had paid him for said lot, with its interest from the 2d day of September, 1890, until paid.

The plaintiffs also filed an amended and supplemental bill, in which they state that in May, 1889, the said N. H.

McClaugherty and H. C. Jones purchased a lot of land in the west end of the town of Bluefield, and in March, 1890, said N. H. McClaugherty and H. C. Jones sold to one J. N. Dugger a portion of said lot, and executed to him a title bond therefor; that soon after the sale to said Dugger, R. C. McClaugherty purchased from N. H. McClaugherty the one-third interest in said boundary of land, except what they had sold off prior to that time, and, the said R. C. McClaugherty, N. H. McClaugherty, and H. C. Jones being desirous of purchasing the lot before that time sold to the said J. N. Dugger by N. H. McClaugherty and H. C. Jones, it was agreed between them that said H. C. Jones should purchase for them the said lot of land from said J. N. Dugger, and, in pursuance of said contract, said Jones did purchase it, to be held and owned jointly by the said N. H. McClaugherty, R. C. McClaugherty, and H. C. Jones, each owning one-third, undivided interest therein, and on the 2d day of September, 1890, plaintiffs purchased from said H. C. Jones, who was acting for himself and as agent for N. H. and R. C. McClaugherty, the same lot of land sold by them to J. N. Dugger; that they purchased said lot from said H. C. Jones, who claimed to be, and was an owner of said lot in common with said McClaughertys; that said Jones was authorized by said N. H. and R. C. McClaugherty to sell their entire interest in said land, as well as his own, and, in pursuance of said authority, he sold the same to them for the sum of two hundred and fifty dollars, which amount they paid him in cash, and said H. C. Jones represented to them that, as soon as the purchase money was paid, a proper conveyance should be made by said parties and their wives to plaintiffs, but although said purchase money had long since been paid, and a deed had been demanded, said defendants had failed and refused to execute and deliver the same; and they pray, as in their original bill, for a specific performance of the contract, or that the purchase money, with its interest, be refunded.

The defendant Jones demurred to plaintiffs' bill, and also made answer to the same, in which he says that he and N. H. McClaugherty sold said lot to J. N. Dugger for one hundred and fifty dollars, and executed to him a title bond

therefor; that afterwards, on the 28th of August, 1890, he purchased from said Dugger said lot, who assigned his title bond therefor to him, which title bond and assignment he exhibits; that he paid fifty dollars to said Dugger, and assumed the payment of the residue to N. H. Mc-Claugherty, which has been paid. He admits the sale to plaintiffs, and states that he has always been willing and anxious to perform his part of the contract, by executing a deed to them for said lot; that at one time he executed and acknowledged a deed to them, and delivered the same, but they, not being satisfied therewith, would not receive it, requested him to get one Dickinson, an attorney at Bluefield, to prepare a deed to them from defendant for said land, and, in pursuance of said request, he did get said Dickinson, long before the institution of this suit, to prepare said deed, and he and his wife signed said deed, and acknowledged the same before J. P. Hepinstall, a notary public for Mercer county, W. Va., and deliverd the same to plaintiffs, and they found no objection to said deed, but never returned it, and so far as defendant knows, they still have it; that said R. C. McClaugherty has no interest in said lot, and never had any; that he has done all in his power to get said N. H. Mc-Claugherty to execute said deed, and that he should not be taxed with any costs of this suit; and prays to be hence dismissed, with his costs.

N. H. and R. C. McClaugherty demurred to said amended bill, and also filed their joint answer thereto, admitting the sale by N. H. McClaugherty and H. C. Jones to J. M. Dugger on the 1st of March, 1890, of said lot, but alleging that on the 13th day of May, 1890, said N. H. McClaugherty and H. C. Jones sold one-third of the lots then owned by them to R. C. McClaugherty, being twenty three in all, and that after said R. C. McClaugherty purchased said interest, it became desirable to the owners of said lots to purchase the lots which had theretofore been sold by H. C. Jones and N. H. McClaugherty to different persons, and hold the same, including said Dugger lot, and it was agreed between said parties that either said Jones or N. H. McClaugherty should purchase said lots back, and draw on R. C. McClaugherty for his one-third of the purchase mon-

ey, and it was especially agreed that said Dugger lot should be purchased for said three persons by said H. C. Jones; that said Jones did purchase said lot at the same price at which it had been sold; that said Jones, shortly after purchasing said lot, wrote a letter to N. H. McClaugherty that he had done so, and requesting him to inform the defendant R. C. McClaugherty thereof. Said letter is exhibited, and reads as follows: "Mr. N. H. McClaugherty— Dear Sir: I sold three lots laying back on 4th street, for ($850) eight hundred and fifty dollars. I did not want to price until I saw you and the judge; but I will say this: if you do not approve of the sale, we will divide the lots, and I will take these out of my part. I bought the Dugger lot back. Tell the judge of this, and let me hear. Yours, kindly, H. C. Jones, M. D." This letter bears date August 8, 1890. The said defendants deny the authority of H. C. Jones to make sale of said Dugger lot to plaintiffs, and repudiate the same. N. H. McClaugherty claims that he has acquired the interest of R. C. McClaugherty in the profits arising from the sale of said Dugger lot, but says he is willing to join in a conveyance of said lot of land, and will ratify the sale made by said Jones to plaintiffs upon payment to him of the sum of one hundred and sixteen dollars and sixty six and two-third cents, with interest thereon from the date when it should have been paid, and says said sum is constituted in this way: He owned one-third of the lot sold by Jones and himself to Dugger for one hundred and fifty dollars. He never received any part of this amount, and hence there is fifty dollars coming to him on account thereof. Then there was one hundred dollars realized by said Jones as profits on said lot as sold to plaintiffs, and he was entitled to one-third part thereof as assignee of R. C. McClaugherty, and one-third in his own right, making sixty six dollars and sixty six and two-third cents, which, together with the said fifty dollars, makes one hundred and sixteen dollars and sixty six and two-third cents; and he asks, if the sale by said Jones to plaintiffs be specifically performed, that he may have a decree against said Jones for the sum of one hundred and sixteen dollars and sixty six and two-third cents, and interest from the 3d day of Sep-

tember, 1890, and, if such sale should not be specifically performed, that he be quieted in his title to said Dugger lot in the same proportion.

On the 19th day of December, 1893, the cause was heard upon the pleadings and depositions. The demurrer of N. H. and R. C. McClaugherty was overruled. The exceptions to the depositions taken upon the cross bill were sustained, for the reason that no process was ever issued upon said cross bill, and there never was any appearance thereto by the defendant H. C. Jones, or any issue upon the affirmative matter set up in the cross bill; and the court, being of the opinion that at the time of the sale of said lot to said Dugger, said H. C. Jones and N. H. McClaugherty were the joint owners thereof in proportion of two-thirds to Jones and one-third to McClaugherty, and being further of opinion from the said pleadings and evidence that at the time said H. C. Jones purchased said lot from Dugger, he was acting for himself and the defendants N. H. and R. C. McClaugherty jointly, and repurchased the same for them in the proportion of one-third to each, and being further of the opinion that the interest of said R. C. McClaugherty is now owned by said N. H. McClaugherty, adjudged and decreed accordingly, and, being further of the opinion that at the time said sale was made to plaintiffs, said H. C. Jones was not the agent of N. H. and R. C. McClaugherty, and that they never unconditionally ratified the same, and for this reason said sale can not be specifically performed, but that the same should be rescinded, so adjudged and decreed, and further decreed that the plaintiffs were entitled to recover from said H. C. Jones the two hundred and fifty dollars paid him; with interest from the time of payment, and ordered that execution issue in their behalf therefor, and ordered that N. H. and R. C. McClaugherty do recover from said H. C. Jones their costs, etc.; and from this decree said H. C. Jones appealed to this Court.

It is apparent from an examination of the record that the only thing that prevented a compliance on the part of N. H. McClaugherty with the terms of the contract of sale made by H. C. Jones to the plaintiffs by joining in a deed to them therefor was a disagreement between them as to

who was entitled to the purchase money. It appears that the lot in controversy was sold by N. H. McClaugherty and H. C. Jones on the 1st of March, 1890, to J. M. Dugger, who held their title bond for said lot, and had complied with the terms of his contract of purchase by paying the cash payment, and executing his note for the deferred payments; and, while said Jones and N. H. McClaugherty held the naked legal title to said lot, it could not be said that they owned it, because they had sold it to said Dugger. The defendants, in their answer, allege that on the 13th day of May, 1890, the defendant N. H. McClaugherty and H. C. Jones sold to R. C. McClaugherty one undivided third of the lots then owned by them at said place, being twenty three in all. This Dugger lot could not have been included in that sale, for the reason that it had been sold by H. C. Jones and N. H. McClaugherty on the 1st day of March previous. It is true that the plaintiff Nash, in his deposition, says that H. C. Jones, when selling this lot to him and Drinkard, told him that he, N. H. McClaugherty and R. C. McClaugherty owned the lot, and said T. B. Drinkard makes the same statement. And R. C. McClaugherty, in his deposition, states that he never had any legal title to said lot of land, and that no draft was made on him for money to purchase said Dugger lot; that the interest he had in it under his contract was one-third interest, subject to the purchase price to be paid Dugger; and that some time before the institution of this suit he assigned all of his interest in the lot or the money due from the sale of it, whichever the law might say he had, to N. H. McClaugherty. Now, when we look to the title bond executed by H. C. Jones and N. H. McClaugherty to J. M. Dugger, it is found that the lot is described in said title bond as No. 28; and, when we turn to "Exhibit Zed," which is the paper which evidences the title of R. C. McClaugherty to the undivided one-third interest in certain lots, near Bluefield, and which is exhibited as his title paper thereto, it is found that lot No. 28 is not among the number in which an interest was assigned to him. This being the case, it is hardly probable that the defendant Jones told the plaintiffs that he was acting as agent for or representing R. C. McClaugh-

erty in making said sale to the plaintiffs. In making the purchase of this lot No. 28, said H. C. Jones was compelled to repay to said Dugger the fifty dollars cash payment made by said Dugger at the time of his purchase, and to assume the payment of one-third of the purchase money to N. H. McClaugherty, because it appears that at the time of the sale thereof to Dugger, said Jones owned two-thirds of the lot, and N. H. McClaugherty one-third. By becoming the assignee of the title bond from Dugger, and repaying him the purchase money, fifty dollars, which Dugger had paid as the cash payment, said Jones stepped into the shoes of Dugger, and could discharge his liability to N. H. McClaugherty, so far as the purchase money of said lot was concerned, by paying him one-third of the purchase money which Dugger had contracted to pay for the same, with interest from the 1st of March, 1890; that is, fifty dollars, with interest from that date.

Now, let us inquire why it is that the plaintiffs in this case were not entitled to a specific execution of this contract. Surely, such refusal can not be based upon the fact that N. H. McClaugherty and H. C. Jones could not agree as to the proportion of the purchase money that each one was entitled to. Even if it was true that H. C. Jones, in making the sale to the plaintiffs, was acting for himself and N. H. McClaugherty, which is the most that could be contended for by said McClaugherty, the plaintiffs paid the purchase money to H. C. Jones, who owned two-thirds of the lot at the time of the sale to Dugger, and, by becoming the assignee of the title bond, was entitled to the whole of it by paying fifty dollars to N. H. McClaugherty, with the interest thereon from March 1, 1890, which sum he states he paid to N. H. McClaugherty by crediting his account with that amount. Said N. H. McClaugherty, in his answer, while he denies that he authorized said H. C. Jones to make sale of said lot No. 28, says he was willing to join in a conveyance of said lot to plaintiffs, and would ratify the sale of said lot made by the said Jones to plaintiff upon the payment to him of one hundred and sixteen dollars and sixty six and two-third cents, with interest thereon from the date when it should have been paid, which sum he ar-

rives at as follows:  Fifty dollars, one-third of the lot sold by Jones to Dugger, then there was one hundred dollars realized by said Jones as profits on said lot to plaintiffs, of which he claims one-third as assignee of R. C. McClaugherty, and one-third in his own right; but, as we have seen, he is entitled to nothing as assignee of R. C. McClaugherty, and all that he is entitled to from said Jones is one-third of the purchase money which Dugger agreed to pay, to wit, fifty dollars, which he claimed to have paid by crediting him with that amount, as before stated.  The plaintiffs have complied with the contract on their part by paying the purchase money to a man owning two-thirds of the lot, who has shown himself, in equity, entitled to the entire proceeds of the sale to plaintiffs, by paying to McClaugherty what he was entitled to receive from Dugger.  H. C. Jones has executed a proper deed to the plaintiffs for the lot, which N. H. McClaugherty declines to do unless he is paid one hundred and sixteen dollars and sixty six and two third cents, which it has been seen he is not entitled to. The court, however, in its decree, held that at the time of the sale by H. C. Jones and N. H. McClaugherty to J. M. Dugger, said Jones owned two-thirds and N. H. McClaugherty one third thereof; and that said Jones, by repurchasing said lot, and repaying fifty dollars, the cash payment that Dugger had paid, became entitled to only one-third of said lot, because he acted for the two McClaughertys and himself; but it is difficult to determine how this result was attained, when R. C. McClaugherty says in his deposition that he paid nothing towards this repurchase, and it is not claimed that N. H. McClaugherty paid anything, and it was error in the court to hold that R. C. McClaugherty had any interest in said lot, or that Jones' interest was reduced from two-thirds to one-third by his purchase of the lot from Dugger.  Now, when H. C. Jones repurchased said lot No. 28 from Dugger, and took an assignment of the title bond from him, he acquired all the right and interest which Dugger had, which included the right to have a deed from N. H. McClaugherty for his interest in said lot; and when he sold to the plaintiffs, and received the purchase money, they acquired from him the right, in

98

equity, to demand a deed from N. H. McClaugherty and
H. C. Jones; and N. H. McClaugherty, having received all
of the purchase money he was entitled to, was bound,
under his contract with Dugger, which had been assigned
through Jones to plaintiffs, to make a deed for said lot.

The agreement which is claimed to have existed between
the McClaughertys and H. C. Jones to purchase said lot
for them and Jones jointly, if made at all, was a parol
agreement in regard to the purchase of land, and not cap-
able of enforcement. Nor can it be held that there was a
resulting trust by reason of the purchase of the lot by
Jones. "The whole foundation of a resulting trust of this
class is the ownership and payment of the purchase money
by one when the title is taken in the name of another."
See 10 Am. & Eng. Enc. Law, p. 11. See, also, page 12 of
the same volume, where it is held: "A mere parol agree-
ment or declaration will not raise such a trust." See, also,
2 Sugd. Vend. top page 438, § 15, where it is stated that
"where a man merely employs another person by parol as
an agent to buy an estate, who buys it for himself, and de-
nies the trust, and no part of the purchase money is paid
by the principal, and there is no written agreement, he can
not compel the agent to convey the estate to him, as that
would be directly in the teeth of the statute of frauds."

My conclusion therefore, is that the plaintiffs having
through H. C. Jones, acquired the rights and equities of J.
M. Dugger with reference to said lot, and having paid the
purchase money, have a right to a specific execution of
their contract, and to a deed from N. H. McClaugherty
and wife and H. C. Jones and wife for said lot of land; and
the decree complained of must be reversed, and the cause
remanded, with costs to the appellant to be paid by N. H.
McClaugherty.