# CHARLESTON.

W. J. HATFIELD, *Sheriff, ex rel.* ALBERT JUSTICE *v.* S. D. WYATT *and* J. W. BLAKELY, *Agent.*

(C. C. No. 354)

Submitted September 2, 1925.   Decided September 15, 1925.

TAXATION—*Suit on Bond by Tax Collecting Deputy to Sheriff May be Maintained in Name of Sheriff at Relation of Any One Injured by Deputy by Unlawful or Careless Use of Pistol or Revolver.*

> By virtue of Section 7 of Chapter 148 of the Code, a bond executed by a tax collecting deputy to a sheriff is, *quo ad* his liability for a breach of the superadded conditions imposed by the statute an official bond, and though made payable to the sheriff, suit thereon in the name of the sheriff at the relation of anyone injured by such deputy by his unlawful or careless use of a pistol or revolver, may be maintained against such deputy and the surety on said bond, for the damages for the personal injuries so inflicted.

Case Certified from Circuit Court, McDowell County.

Action by W. J. Hatfield, Sheriff, on the relation of Albert Justice, against S. D. Wyatt and another, on a bond to recover for personal injuries. After sustaining defendant's demurrer to the declaration, the court certified its rulings.

*Ruling reversed.*

*Froe, Capehart* and *Miller,* for plaintiff.

*Harman & Howard* and *Jos. M. Crockett,* for defendants.

MILLER, JUDGE:

This action was brought at the relation of Justice against Wyatt and Blakely, the latter as Wyatt's surety upon a bond

voluntarily given by him as a tax collecting deputy for Hat-field, Sheriff, to cover damages alleged to have been sustained by Justice on account of personal injuries inflicted upon him by Wyatt, by unlawfully, wilfully and maliciously shooting him with a pistol or revolver then being carried by him while acting as such deputy, without any just or legal excuse therefor.

The circuit court sustained the defendants' demurrer to the declaration and to each of the three counts thereof, and certified the correctness of its rulings to us for our judgment thereon.

The only expressed condition of the bond sued on is that "if the said S. D. Wyatt shall faithfully discharge the duties of said office and account for and pay over as required by law, all monies which may come into his hands by virtue of said office, and shall act in a lawful manner while acting as such Deputy Sheriff in official matters, then shall this obligation be void; otherwise shall remain in full force and effect.'"

But it is averred that by reason of the premises, section 7, chapter 148 of the Code, ex proprio vigore became and was an added condition to said bond, though unexpressed therein; that the said S. D. Wyatt and J. W. Blakely, agent, should be, were and are liable on their official bond, executed as aforesaid for damages done by the said S. D. Wyatt by the unlawful or careless use of any pistol, revolver or other weapon designated in said section of the statute, while and so long as he served as such deputy sheriff and the said bond remained in force and virtue.

The breach of the bond and of the added condition alleged to have been written therein by the statute is fully alleged in each count of the declaration.

Said section 7 of chapter 148 of the Code prohibits the carrying about his person of any of the weapons enumerated by any person without a state license therefor obtained in the manner prescribed, and renders the offender guilty of a misdemeanor and liable to fine and imprisonment, and for the second offense guilty of a felony punishable by imprisonment in the penitentiary. And the statute requires of the

applicant a bond with sureties, ''conditioned that such applicant will not carry such weapon except in accordance with his said application and as authorized by the court, and that he will pay all costs and damages accruing to any one by the accidental discharge or improper, negligent or illegal discharge or use of said pistol.''

The last proviso of said section relied on by the relator and as furnishing the basis of the present action is as follows: ''Provided, further, that nothing herein shall be so construed as to prohibit regularly elected sheriffs, their regularly appointed deputies, who collect taxes in each county, and all regularly elected constables in their respective counties and districts, and all regularly appointed police officers of their respective cities, towns or villages, from carrying such weapons as they are now authorized by law to carry, who shall have given bond in the penalty of not less than thirty-five hundred dollars, conditioned for the faithful performance of their respective duties, which said officers shall be liable upon their said official bond, for the damages done by the unlawful or careless use of any such weapon, whether such bond is so conditioned or not.''

The grounds of demurrer are that, as the bond sued on is made payable to W. J. Hatfield, Sheriff of McDowell County, and not to the State of West Virginia, no action thereon lies at the suit of the relator, such bond being one not required by law, and therefore not a statutory bond to which the relator or the public in general may resort for redress of his or their grievances.

Yielding to the effect of prior decisions of this court, plaintiffs' counsel admit that but for the proviso of said section 7 of chapter 148 of the Code, referred to and relied on, the demurrer would be well founded. The prior decisions referred to and relied on by demurrants are *Poling* v. *Maddox,* 41 W. Va. 778, and *Adkins* v. *Fry,* 48 W. Va. 549.

The reason for the holding of these cases is that the statute, section 1 of chapter 10 of the Code, requires that all bonds required by law to be taken, unless otherwise provided, shall be made payable to the State of West Virginia, and that as

no bond is required by law of a deputy sheriff, when one is required by and executed to the sheriff of a county, it constitutes a private contract between him and his deputy, in which the public is not a participant and has no right to resort; that only statutory bonds may be resorted to by individuals or the public; and that the bond sued on by the relator not being a statutory bond; may not be pursued by one not a party thereto. In Town of *Lester* v. *Trail et al.,* 85 W. Va. 386, 101 S. E. 732, the bond involved was required by law to be made payable to the municipality: the law so provided; and we held that bond to be a statutory or official bond on which the injured party might maintain suit in the name of the municipality for his use. This case is in no way in conflict with the prior decisions referred to. On the contrary that decision is in harmony with those decisions. Counsel for relator, therefore, must rely, and do rely only on the provisions of said section 7 of chapter 148 as the basis for the present action.

This statute prior to the amendment thereof in 1909 allowed sheriffs and other public officers enumerated therein to carry the weapons specified without any license therefor. And as will be observed, the proviso quoted does not now require of those officers named, including deputy sheriffs, the special license and bond stipulated therein, "who shall have given bond in the penalty of not less than thirty-five hundred dollars, conditioned for the faithful performance of their respective duties, which said officers shall be liable upon such *official bond,* for the damage done by the unlawful or careless use of any such weapon, *whether such bond is so conditioned or not."*

But notwithstanding the plain language of the proviso of the statute, it is contended by counsel for the demurrants that in so important a matter as that of carrying dangerous and deadly weapons, the legislature could not have intended to delegate to the sheriff the power of taking from and approving the suretyship of a bond intended to cover damages to third persons injured by a deputy in the use of dangerous weapons. This argument seems to us to be without substantial force. In taking from his tax collecting deputy a bond

to cover possible defalcations, the sheriff would be vitally interested and would be more likely than any other officer or public body to require good and sufficient bondsmen. The declaration alleges that Wyatt was a regularly appointed deputy to collect taxes, bringing him directly within the class of officers enumerated who are not required to give the pistol bond if they have given a bond conditioned as therein provided. Was it not intended by the legislature to excuse officers, including deputy sheriffs, from the penalty imposed for carrying the deadly weapons described, without having obtained a special license required of others, if they have given bonds as such, and to render such bonds with the super-imposed condition prescribed by the statute substitutes for the specific bonds required of others? We think we should so hold. Would not an indictment against a deputy sheriff for carrying the weapons inhibited without a state license be fully met and defended by his showing that he had given a bond as deputy sheriff in a penal sum equal to that re-quired by the pistol statute? We think it quite clear that the legislature so intended by the proviso in question. If so, then one injured by his malfeasance must certainly have re-course to the bond given by such deputy, else he would likely have no means except against an irresponsible officer, for notwithstanding the provision of section 11 of chapter 7 of the Code, the sheriff would not be liable on his bond for an act of malfeasance of his deputy. State ex rel. *Sonner* v. *William Dean et al.*, 98 W. Va. 88, 126, S. E. 411.

The language of the proviso, ''which said officers shall be liable on their said *official bond,* for the damages done'' etc., is urged against the application of the statute to the bond of a deputy sheriff although one authorized to collect taxes. The legislature must be charged with notice that at the time of the enactment of the statute the law did not require of sheriffs that they appoint deputies and take from them bonds, but that if they did so, it was to be done with the consent of the county court. The declaration alleges such appoint-ment of Wyatt and the approval of his bond. It does not allege specifically that the approval was by the county court. This is immaterial. He was appointed and gave bond con-

taining the usual conditions prescribed for official bonds; and it is such a bond, and such a bond only, that the proviso prescribes shall stand with the added condition imposed thereby and excuse such deputy from compliance therewith. And although the proviso describes such bonds as official bonds, it was intended to treat the bonds of all officers designated as official *quo ad* the liability imposed thereby for damages resulting from the unlawful or careless use of deadly weapons by such officers.

For the foregoing reasons we are of opinion to reverse the order of the circuit court, overrule the demurrer of the defendants to the declaration, and certify our ruling to the court below.