WILLIAM J. VOGLER, *Deputy Sheriff*, v. BOARD OF COMMISSIONERS OF OHIO COUNTY

(No. 8354)

Submitted April 21, 1936. Decided April 28, 1936.

*Homer A. Holt,* Attorney General, *W. Holt Wooddell,* Assistant Attorney General, and *Wm. C. Piper,* for plaintiff in error.

*E. L. Harrison* and *A. C. Schiffler,* for defendant in error.

WOODS, JUDGE:

William J. Vogler, a regularly appointed, qualified and acting deputy sheriff of Ohio County, on behalf of himself and all other appointive officers or employees of said county, who had been required by those making appointments, under authority conferred by section 19, article 2, chapter 6, Code 1931, to give bond, conditioned and payable as official bonds, and who executed same with a surety company as surety, instituted a proceeding in mandamus to require the Board of Commissioners of said county to comply with section 20, of the article and chapter aforesaid, as amended, and to make payment up to $5.00 per annum upon the premiums charged on such bonds by the surety companies. The respondent prosecutes error to a judgment ordering payment in accordance with the prayer of the petition.

The statutory authority upon which the ruling of the trial court is based was first enacted in the adoption of the Official Code 1931. The two sections involved provide, as follows:

SEC. 19—"Any board, commission or officer who has authority by law to appoint to office, or to employ any person in behalf of the State, or to place any person in charge of any property belonging to the State, or to authorize such person to receive into his custody, moneys, securities or property belonging to the State, and of whom a bond is not otherwise required by law, may require of such person a bond in such penalty as such board, commission or officer may prescribe, and conditioned and payable as official bonds."

SEC. 20—"Every officer or employee who is paid a salary, and who is required to give an

official bond by virtue of the provisions of this article, and who furnishes a surety company bond, shall be reimbursed by the State, county, municipality, or board of education, as the case may be, the premium charged by the surety company for such bond not exceeding one dollar and fifty cents a thousand per annum."

The amount of the reimbursement provided for in section 20, aforesaid, was increased to five dollars a thousand per annum, by chapter 47, Acts of the Legislature, Regular Session, 1933. And in 1935, the Legislature added an additional proviso, not material here, for payment of $7.50 on sheriff's bonds.

The respondent takes the position (1) that "official bonds", as used in section 20, are those only which are required by law to be executed by an officer or employee, and (2) that the bonds involved in the mandamus proceeding, having been executed under authority of section 19, are not "official", in that they were not required by law to be given.

In the absence of statutory definition to the contrary, respondent's first position must be accepted. *Adkins* v. *Fry*, 38 W. Va. 549, 18 S. E. 737; *Poling* v. *Maddox*, 41 W. Va. 779, 24 S. E. 999; *Hatfield* v. *Wyatt*, 99 W. Va. 604, 130 S. E. 129.

What is the effect of section 19? Can we say that the Legislature intended the foregoing section to be merely declaratory of the well-recognized right of an officer to take a bond of his deputy? The Legislature is presumed to have had some purpose in mind in the inclusion of section 19. It will be noted that the bond provided for therein is "conditioned and payable as official bonds", i. e., in accordance with the provisions of section 3, of the same article and chapter. And while the bond provided for in section 19 is not required of every appointive officer or employee, the right to determine the propriety thereof in a particular case is specifically delegated to the appointive authority. In other words, the bond is in fact a statutory bond, and therefore an "official bond" within the meaning of article 2, chapter 6, Code 1931.

Perceiving no error in the action of the circuit court, the judgment is affirmed.

*Affirmed.*