McGinnis Hatfield, *Sheriff*, *ex Rel.* Larry Rose *v.* L. K. Cruise *et al.*

(CC 581)

Submitted March 2, 1938. Decided March 29, 1938.

*Capehart & Miller,* for plaintiff.

*J. N. Harman, Jr.,* and *Crockett & Tutwiler,* for defendants.

MAXWELL, PRESIDENT:

The question of the sufficiency of a declaration is here presented. The trial court, deeming the declaration insufficient, sustained the defendants' demurrers thereto, and certified the matter to this court for review.

The action is based on a bond in the penalty of $3,-500.00 executed by L. K. Cruise, deputy sheriff of McDowell County, and United States Fidelity & Guaranty Company, surety, payable to McGinnis Hatfield, sheriff of the county. The condition of the bond is to save the sheriff harmless from "any act or acts of larceny or embezzlement" by Cruise in the performance of his duties as deputy for Hatfield.

Plaintiff, in his declaration, asserts right of recovery on the bond because of failure of the deputy sheriff to release to the plaintiff certain of his personal property alleged to have been improperly detained by the deputy under the lien of an execution, after the plaintiff had by schedule claimed statutory exemption, and had demanded full release from the lien.

Under Code, 38-8-1, a husband or parent residing in this state, or the widow, or infant children of deceased parents, may set apart and hold personal property not exceeding $200.00 in value to be exempt from execution or other process. Section Three of the same article prescribes the method of claiming the exemption. Section Seven requires that when there has been an attachment or suggestion, from the lien whereof the debtor properly claims exemption, the officer, on request of the debtor,

shall issue a release as therein directed. Section Eight prescribes: "And any officer failing to release any money or property in his control which shall have been exempted, or failing to deliver the same if in his possession, to the debtor, his agent, attorney or spouse, upon request, shall forfeit to the debtor five dollars for each day such failure may continue, which forfeiture may be recovered from the officer and his sureties in an action upon his official bond in any court having jurisdiction."

The demurrer to the declaration was sustained because the court was of opinion (a) that the bond in suit is not an official bond, and (b) the condition of the bond is not sufficiently broad to embrace the matter herein involved.

Consideration should first be given whether we are dealing with an official bond. There is direction by statute that official bonds be payable to the State of West Virginia. Code, 6-2-2. This bond is not so payable. Nevertheless, circumstances may arise whereunder a bond of a deputy payable to his principal may be deemed an official bond so as to sustain an action by an injured third party. *Hatfield* v. *Wyatt*, 99 W. Va. 604, 130 S. E. 129. Subsequent to the date of that decision, legislative enactment has accentuated the propriety and justness of considering, in proper circumstances, a bond of a deputy payable to his principal, an official bond. It is now established, Code, 6-2-19 and 20, that any board, commission or officer who has authority to appoint an assistant may require of him a bond "conditioned and payable as official bonds," and that every such officer or employee who is paid a salary and is "required to give an official bond by virtue of the provisions of this article, and who furnishes a surety company bond, shall be reimbursed by the State, county, municipality, or board of education, as the case may be, the premium charged by the surety company for such bond * * * ."

The latter statutory provisions came under consideration in the case of *Vogler* v. *Commissioners*, 117 W. Va. 370, 185 S. E. 841. Therein the relator, a deputy sheriff

of Ohio County, acting on behalf of himself and all other appointive officers or employees of that county who had been required to furnish bond, and who had executed bonds with paid companies as surety, sought by mandamus to require the Board of Commissioners of Ohio County to pay the premiums on such bonds. This court granted the relief prayed. The holding of the court, announced in the syllabus, is this: "A bond required of a deputy sheriff, or other appointive county officer or employee, under Code 1931, 6-2-19, is an official bond within the meaning of Code 1931, 6-2-20, as amended." If such bond is to be considered and treated as an official bond for the purpose of causing the premium therefor to be paid out of public funds, it is reasonable and proper that they be deemed official bonds for the protection of the public who pays for them. A more restricted holding would involve marked incongruity. A commercial surety may not accept payment from public funds of the premium on such bond, on the ground of its being an official bond, and then deny liability on the assertion that it is not an official bond. Initially, bonds furnished by deputy sheriffs to their principals were private bonds. *Poling* v. *Maddox,* 41 W. Va. 779, 24 S. E. 999. But the stated legislation, enacted since the decision of that case, necessitates the judicial holding that at this time bonds of that class occupy the status of official bonds.

There remains for determination the question whether the bond in suit, considered and held to be an official bond, is of sufficient breadth in its obligation to warrant the assertion against it of a claim such as is presented by the declaration. The condition of the bond, as written, is merely to protect the sheriff from possible defalcations of the deputy. There is no condition for the faithful performance by the deputy of his official duties. But the narrow condition recited in the bond does not circumscribe nor limit liability thereon. Inasmuch as it necessarily occupies the position of an official bond, the required statutory condition of such bond (faithful discharge of duty—Code, 6-2-3) must be read into it and

considered a part thereof. The rule here applicable is well settled. *Hicks* v. *Randich,* 106 W. Va. 109, 144 S. E. 887, and authorities cited.

Application of these principles requires that the demurrers to the declaration be overruled. The ruling of the trial court is reversed and the action remanded for further proceedings.

*Reversed and remanded.*